ALEXANDER TRINKLE, Appellant, *v.* THOMAS J. REEVES, Appellee.

### APPEAL FROM CLAY.

Where a party has received money on a contract, and has afterwards put it out of his power to fulfill his obligations thereon, an action in assumpsit will lie against him to recover the money so paid, and interest thereon, and a previous demand is unnecessary.

THIS cause was tried before A. KITCHELL, Judge, without a jury.

Declaration in assumpsit, common counts. Plea, general issue.

The parties argued on the trial, that in the fall of 1856, they swapped horses, and in the trade plaintiff was to pay to defendant, fifty dollars, or seventy-five dollars, on a certain house and lot of defendant then bargained to plaintiff, who claims that only fifty dollars was to be paid, and that there was no particular time for payment. Defendant claims that seventy-five dollars was to be paid by 25th of December, 1856.

*Henry Manning* testified that defendant, about the spring of 1858, owed him forty-five dollars, and witness called on defendant for the money, and plaintiff was present. Witness was told by defendant, that plaintiff owed him, and for witness to get the money of plaintiff, who then paid him forty-five dollars.

*Christopher Trinkle* testified, that he was present at the horse swap; came up about the time the parties were changing saddles; Trinkle told Reeves that he might have a certain house and lot in Louisville if he would pay seventy-five dollars by Christmas or New Years next, to which Reeves agreed. Did not hear the contract; came up about the time trade was through. The horse swap and agreement about the house and lot, were at the same time, and part of the same trade.

*H. J. Finch* testified, that about two years ago, witness asked Reeves what he would take for said house and lot. Reeves said, one hundred and twenty-five dollars. Witness offered one hundred dollars; Trinkle said Reeves had better take it, and he (Trinkle) would make the deed, as he had enough in his hands to make him safe.

Defendant then admitted, that shortly after the conversation spoken of by Finch, he conveyed said house and lot to another person.

This was all the evidence in the cause.

Court gave judgment for plaintiff for $50.40.

Motion for new trial, and overruled, and excepted to; exception allowed. Appeal prayed and granted.

STEPHENSON & COOPER, for Appellant.

CATON, C. J. As there was no evidence of any other indebtedness from Reeves to Trinkle, than the price of the house and lot, which he had agreed by parol to purchase of Trinkle, the presumption is that the forty-five dollars which he paid to the creditor of Trinkle at his request, was understood by both parties to be upon that indebtedness. The case then stands precisely as if Reeves had paid Trinkle that amount as a part of the purchase money of the house and lot.

After this, Trinkle put it out of his power to fulfill the parol agreement for the conveyance of the house and lot to Reeves, by conveying it to another person. This action was brought to recover the forty-five dollars, as for money paid, laid out and expended to the use of Trinkle, and we have no doubt that the court properly held that he might recover the money thus paid and interest thereon, in that form of action. It was objected that Reeves should have demanded the money of Trinkle before he brought his action, or at least before he could claim interest

We do not think so. By deeding the premises to another in violation of the parol agreement, he thereby repudiated that agreement, and put himself in the wrong, as to the money paid on the parol agreement, as much as if he had obtained it in bad faith in any other way. We think the judgment was right, and it must be affirmed.

*Judgment affirmed.*