### WILLIAM MESSMORE

*v.*

### SEVERT LARSON.

1. BURDEN OF PROOF—*defense of set-off and release of note.* In a defense of set-off to an action on a note or due-bill, and that of a release, the burden of proof rests upon the defendant, and he must establish the same by a preponderance of the evidence.

2. SET-OFF—*notes, the consideration of which has failed.* A party, when sued upon a due-bill given by him, can not set off notes assigned to him on the plaintiff, the consideration of which has failed, when he had knowledge of such failure of consideration at the time he received such notes.

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of *assumpsit,* brought by Severt Larson against Samuel Kail and William Messmore, upon a due-bill, in which the last named defendant was security.

The defendant Messmore filed the general issue, with notice of two special grounds of defense — set-off and a release from the plaintiff. The set-off was of two notes given by the plaintiff to the defendant Kail, for the purchase of eighty acres of land, to which the title had failed. The plaintiff paid $600 down on his purchase, and gave Kail his four promissory notes, each for $300. There being a litigation as to the title of the land, Larson refused to complete payment of the notes, he having paid a part of the first note. Kail then applied to him for a loan of $300, which Larson made upon Kail's due-bill, with Messmore as security. Kail transferred two of Larson's notes to Messmore, as collateral security to indemnify him from liability as surety. It seems Kail had full knowledge of the consideration of the notes, and of the failure thereof, when he received them. The case was tried twice, the first time the jury failing to agree, the second trial resulting in a judgment and verdict in favor of the plaintiff for $461.50.

Messrs. DOUGLASS & HARVEY, for the appellant.

Messrs. HANNAMAN & WILLOUGHBY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

With his plea of the general issue defendant gave notice of two distinct defenses to the note or due-bill — first, set off; and, second, release — neither of which he succeeded in maintaining before the jury to whom the cause was submitted. On February 17, 1865, plaintiff bought of Kail a tract of land, paying in cash $600, and gave his four promissory notes, payable in one, two, three, and four years, each for the sum of $300, for the residue of the purchase money. When the first note became due, plaintiff paid a part of it. The title to the land became involved in litigation. It was for that reason plaintiff refused, on demand made by Kail, to make any further payments, until the title should be established in him. On his refusal to pay his note, Kail borrowed of plaintiff $300, and gave his due-bill for it with defendant as security. It is upon that instrument this action was brought. Shortly after this money was borrowed, Kail transferred to defendant two of plaintiff's notes which he had given him for the land, to indemnify him as security on the due-bill to plaintiff. That was done without the knowledge or consent of plaintiff, and was a matter of mere private arrangement between Kail and defendant.

The burden of proving the defenses insisted upon of course rested upon defendant, and this he has not done by any preponderance of the evidence. There could be no set-off, for the reason the consideration of the notes which defendant held had wholly failed; and this fact, it seems, was well known to defendant when he received them of Kail. Neither Kail nor defendant could enforce them against plaintiff. And whether defendant was released from his obligation on the due-bill which is the subject of this action, in consideration he would save plaintiff harmless on

the notes he had given Kail for land, the title to which ultimately failed, was a question of fact which the jury have found against defendant, and we do not see how we can disturb the finding. The instructions given were sufficiently accurate not to have misled the jury on the issues involved, and as the evidence was quite conflicting, the verdict, under the practice that prevails in this court, must stand.

The judgment will be affirmed.

*Judgment affirmed.*