## HAMPTON L. STORY AND ISAAC N. CAMP
### v.
## FRANK G. THOMPSON.

*Actions — Limitations — Non-resident Defendant — Secs. 18 and 20, Chap. 83, R. S.*

1. Where the payee of a note, made and payable in this State, is at the time the note becomes due, and continues a resident of this State, and the maker has always been and continues a non-resident, coming into the State occasionally on business only, the statute of limitations of this State does not run against an action on the note.

2. Sections 18 and 20, Chap. 83, R. S., construed.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Jo Daviess County; the Hon. JOHN T. CRABTREE, Judge, presiding.

Mr. E. L. BEDFORD, for appellants.

Mr. WILLIAM T. HODSON, for appellee.

LACEY, J.    This was an action in assumpsit by appellants, based on several promissory notes executed by appellee and one O'Niel, who, at the time of giving them, were residents of Wisconsin, while appellants were residents of the State of Illinois.    The notes bore date October 13, 1875, the first of them falling due in six months and the last in two years and three

Story v. Thompson.

months from date, all payable in Galena, Ill., at the First National Bank. The appellants have continued to reside in Illinois ever since, and the appellee, Thompson, the only defendant, in Wisconsin. During this time the defendant, Thompson, was in the habit of coming into this State occasionally on business and again returning to Wisconsin when his business was completed. There were several pleas not necessary to notice, as the only defense relied on was the statute of limitations of the State of Wisconsin, set out in the fourth plea, of six years. It avers that the several causes of action mentioned in the declaration accrued in the State of Wisconsin, and the notes in question were executed and delivered to appellants at Hazel Green, Grant county, Wisconsin, and became due and payable there; that the defendant was then and always has been since, a resident of the State of Wisconsin; that by the laws of that State the action could have been brought within six years from the time the notes became due; that no action had been brought thereon in the courts of Wisconsin or elsewhere, within six years after said notes became due; wherefore no action could be brought in Wisconsin by reason of the lapse of time. The ten years statute of limitation of the State of Illinois, was also pleaded by the second plea.

To the second plea, the appellants filed their replication setting up that when the several causes of action in the first count of the declaration accrued, the defendant was out of the State of Illinois, to wit, at Hazel Green, Wisconsin, and there resided until the 24th of December, 1888 (date the summons was served), when the appellee returned into this State, and appellants on that day (within ten years after the appellee so returned to this State), appellee then being a resident of Wisconsin, aforesaid, and being found within the jurisdiction and territory of said Jo Daviess county, Ill., and said cause of action having accrued previously, while appellee so resided in Wisconsin, commenced action herein against appellee; and that appellants were residents of Illinois when said cause of action accrued.

The replication to the fourth plea avers that the cause of

action in the first count mentioned and also set forth in the fourth plea, did not arise and accrue in Wisconsin, as alleged, but accrued in Chicago, Cook county, Ill., where appellants then and ever since have resided and done business; and appellee, at the time when the action accrued in this State was, and still is a resident of Wisconsin; and on December 24, 1888, when suit commenced, appellee came and was found in, and duly served with summons, in said Jo Daviess county, as he might lawfully under the laws of Illinois, without this, that under the laws of Wisconsin, then and ever since in force, action could have been brought and maintained in Wisconsin, within six years, etc.

The appellee then filed a rejoinder to the replications, setting up that he was a resident of Wisconsin at the time the notes were given, but came into Illinois every week from that time to the present, and at each of the said times appellants could have served process on him; that the return to Illinois on December 24, 1888, as alleged, was not his first return into said State of Illinois; that at the time of service he came to Illinois to transact business and not to reside. Issue was taken on the replications and rejoinder, and a jury being waived the cause was tried by the court, resulting in a finding for appellee and judgment against the appellants for costs, from which judgment this appeal is taken.

The evidence was conflicting as to whether the notes were executed in Wisconsin or Illinois, but showed conclusively that appellants at the time of the giving of the notes, and ever since, resided and continued to reside in the State of Illinois up to the date of the service of the summons, December 24, 1888, and still resided there at the time of trial.

The appellee, as is shown by the evidence, at the time of the execution of the notes resided and has ever since resided in the State of Wisconsin, coming into this State occasionally on business, and returning to his residence in Wisconsin when his business was completed; but computing all the times together, had not been in this State ten years since the notes fell due, and before service of process on him.

The decision of this case involves the construction of Sections 18 and 20 of Chapter 83, R. S. These sections read as follows, viz.:

Story v. Thompson.

"Sec. 18. If when the cause of action accrues against a person he is out of the State, the action may be commenced within the times herein limited, after his coming into or return to the State; and if after the cause of action accrued, he departs from and resides out of the State, the time of his absence is no part of the time limited for the commencement of this action. But the foregoing provisions of this section shall not apply to any case, when, at the time the cause of action accrued or shall accrue, neither the party against or in favor of whom the same accrued or shall accrue, were or are residents of this State."

"Sec. 20. When a cause of action has arisen in a state or territory out of this State, or in a foreign country, and by the laws thereof an action thereon can not be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State."

We think, clearly, in accordance with the provisions of Section 18, the cause of action was not barred in this State. This section was enacted for the benefit of the residents of the State of Illinois, holding claims against persons residing outside the State, coming due while such persons are out of the State, no matter if such debtor had never been in the State, as well as to such debtors who resided in the State, and after the claim became due or the cause of action accrued going out of the State.

We can scarcely imagine how the language of the statute could have been plainer to effect such purpose than it is. The object of the statute was to favor residents of this State as against residents of other states, territories and foreign nations, and to relieve them from the necessity of following their debtors all over the United States and its territories, and foreign countries, compelling them to sue in the forum where such debtor resides or may be found, if found at all, under pain of losing their debts by the running of the statute of limitations. Nearly if not every State in the Union has a similar statute and exception in favor of its own citizens. When we also consider the exception at the close of Section 18, providing that "the foregoing provisions

\* \* \* shall not apply to any case, when, at the time
the cause of action accrued, or. shall accrue, neither the
party against or in favor of whom the same accrued
or shall accrue, were or are residents of this State,"
we are forced to the conclusion that the statute meant
exactly what it said, and meant it to apply only to resi_
dents of this State, either debtor or creditor, having claims
accruing to the creditor or against the debtor. The implica-
tion clearly is, if the section should apply to no others, it was
intended to apply to them. Our attention has been particu-
larly called by the appellee's counsel to the case of Hymen v.
Bayne, 83 Ill. 256. We have examined that case with care
and regard it as a strong case, by way of its argument, in favor
of the appellant.

The question at issue in that case was stated by Justice
Walker to be this: "The question is, whether, under our lim-
itation laws in force prior to the act of 1872, when both parties
have at all times resided continuously beyond the limits of
this State for the statutory period, a bar to a recovery is
created." In deciding upon the question as to whether the
exception contained in the thirteenth section of the limitation
law of 1845 was applicable to the facts of that suit where both
parties had continuously been and resided out of the State till
the bar of the statute of the State where they resided had
run, the judge, after quoting the section which governed the
suit then in question, held that as it then read it did not justify
the plaintiff in his contention that his rights were saved by
Section 13 of said statute.

The court further held that Section 20, of April 4, 1872,
which is the same we have quoted and which is relied on
in this case, applied to past transactions where the bar was
complete under the laws of a sister State, and that the cause
of action in that case was barred. Section 13 of the act of
1845, and which is now, as amended, Section 18, Chapter 83,
R. S., reads as follows: "If any person or persons against
whom there is or shall be a cause of action as specified in the
preceding sections of this chapter, except real or possessory
actions, shall be out of this State at the time of the cause of

such action accruing, or any time during which a suit might be sustained on such cause of action, then the person or persons who shall be entitled to such action shall be at liberty to bring the same against such person or persons, after his or their return to the State, and the time of such person's absence shall not be counted as part of the time limited by this chapter."

The question in the mind of the court seemed to be as to whether a debtor who had never resided in this State and had never been in the State, was covered and made liable under that section, if he afterward was found in the State, and served with process. It did not, under that statute, seem to be doubted that a non-resident plaintiff would have his rights under the statute, if the cause of action had accrued while the debtor was in the State. And the court held the meaning of the statute to be, by implication from what was said, that if the debtor had thus been in the State, and going out afterward, returned, the statute during his absence would not run; the language of the statute, "his or her *return* to the State," being held as implying that the debtor must have been in the State previously, and as the debtor in that case had not been, he did not come within the saving clause.

But the court held this language: "If the General Assembly had intended to exclude from the operation of this provision cases like the present, it seems reasonable to suppose that they would have added after the words "shall be out of this State," or "shall reside out of this State at the time of such action accruing, or any time during which a suit might be sustained on such cause of action," etc., and might maintain "the action" after her or their return "to," or he, she or they "shall come within this State," etc. Now, it will be seen that the judge quotes almost the exact language of Section 18 as it then was and now is, and, no doubt, had Section 18 before him while writing that sentence. Besides fulfilling Judge Walker's requirements, the Legislature made it stronger by restricting the case to a resident creditor or debtor in this State at the time of the cause of action accruing.

The case of Humphrey v. Cole, 14 Ill. App. 56, and Hyman

v. McVeagh, 10 Legal News 157, noted in 87 Ill., but not reported, September term, Supreme Court Ottawa, 1877, which seems to be the authority on which Humphrey v. Cole, *supra*, was based, is relied upon by appellee as sustaining him. The construction put upon the words, "when a cause of action has arisen," found in Section 20 above quoted, is as follows: They "should be construed as meaning when jurisdiction exists in the courts of a State to adjudicate between the parties upon a particular cause of action, if properly invoked, or, in other words, when the plaintiff has the right to sue the defendant in the courts of the State upon the particular cause of action, without regard to the place where the cause of action had its origin."

As between a non-resident debtor and creditor, neither residing in this State at the time the cause of action accrued, the creditor, as appears to be held by our Supreme Court, would be compelled to seek the domicile of the debtor and sue him there within the statute of limitations, or his debt would be barred by the statutes of the State where the former resided.

We can not approve the decision in Humphrey v. Cole, *supra*, as to hold the rule there announced would be to entirely nullify Section 18 of Chapter 83 quoted above. If a cause of action accrues or arises in all cases where the debtor resides or may go, then the above section can have no practical value; Section 20 repeals it; but we do not so interpret it. If the rights of a creditor are saved by Section 18 if he resides in a State where the cause of action accrues, evidently it makes no difference where the cause of action accrues; but, undoubtedly, it accrues where the note is payable and where the payee resides.

We have examined the abstract and record on file in the clerk's office of the Supreme Court at Ottawa, for the purpose of ascertaining the facts in the case of Hyman v. McVeigh, *supra*, and find from the pleas that the facts are the same as in Hyman v. Byrne, 83 Ill. 256.

Both the maker of the note and the payee resided outside the State of Illinois when the cause of action accrued, and till after the bar in the other State was established.

The expressions of the Supreme Court in that case, and quoted in 14 Ill. App. *supra*, were made with reference to the facts in that case, but have no application here.   The decision of Humphrey v. Cole, *supra*, must have been made under a mistaken idea of what was really decided in Hyman v. Mc-Veagh, 87 Ill. (noted.)

A case much in point, approving the policy of the different States in legislating in favor of resident creditors, will be found in Chemung Canal Bank v. Lawery, 3 Otto, 76.

It is insisted by counsel for appellee that from the first time appellee came into the State, the statute would begin to run without reference to the time he was out afterward. This can not be so.   He must remain in the State ten years in all before he can acquire a bar under the Illinois statute of limitations.   We make this decision without reference to the State where the notes were delivered.

Under Section 18 of our statute of limitations we regard that as of no consequence.

The cause of action accrued, *i. e.*, the notes fell due while appellants were residents, and they are entitled to the benefit of the saving Section 18 quoted.

For the reasons above given, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*