## Max Hecht et al. v. E. Feldman.

1. PRACTICE—*When a Court Acquires Jurisdiction Over the Person—Trial, When.*—As soon as the parties to a cause are brought or come into court, it has personal jurisdiction over them, and may, with their consent, proceed at once to try their cause. The fact that a case is brought to a certain term, that is, where the summons is made returnable at that term, does not deprive the court of jurisdiction to try the cause at a previous term, if all parties consent to such proceeding.

2. SAME—*Defendant's Right to be Heard on Motions.*—A defendant may, as soon as suit has been brought against him, appear therein, and is then entitled to be heard upon such motions as he may make.

3. ATTACHMENT PROCEEDINGS—*Rights of Defendants.*—A party who resorts to attachment and thereby ties up the property of another must be ready at all times to maintain his writ whenever it is attacked. He must be ready for immediate trial.

**Memorandum.**—Attachment proceedings. Appeal from the Superior Court of Cook County; the Hon. James Goggin, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

Willoughby & Binswanger, attorneys for appellants.

Blum & .Blum, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

On the 16th day of October, 1893, the appellants, Max Hecht and S. G. Hecht, of the firm of Max Hecht & Bro ther, caused a writ of attachment against E. Feldman, the appellee herein, to be issued out of the clerk's office of the Superior Court of Cook County, returnable to the November term, A. D. 1893, of said Superior Court. This writ was in the usual form, commanding the sheriff to attach sufficient estate to satisfy the debt and costs, and to summon the defendant to appear and answer at the term of the Superior Court to be held on the 6th day of November next. Three days thereafter, and before the sheriff had returned the writ of attachment to court—said return not being made until November 15, 1893,—on the 19th day of October, 1893, the defendant in attachment filed a plea in abatement to the attachment writ, and made his application to Hon. James Goggin, then holding the October term of said court, to set down the attachment issue for immediate trial, and in support of his motion filed an affidavit in which he sets up that the property attached is his stock of goods consisting of World's Fair Guides, Souvenirs, etc., kept in his place of business near the World's Columbian Exposition; that said fair would close before the case in the ordinary course of legal proceedings could come to a trial, and that after the fair closed the goods would be of no value.

On the 21st day of October he filed another affidavit in which he says that he had made diligent efforts to obtain a bond for the purpose of being able to obtain possession of

the property levied upon, but had been unable to obtain such bond, and is unable to obtain it, but that if affiant could obtain the bond it would be of no value to him because it is necessary to dispose of the goods at once, and if kept until the final determination of this cause, by the time the suit came up, the goods would be practically useless.

On the 21st day of October, 1893, the plaintiffs, by their attorneys, entered an oral protest against the court "disposing of any motions, or making any orders, or taking any jurisdiction of this case at the present term," and also filed a written protest, in which, limiting their appearance for the purpose of protest, entered their protest against the court "taking jurisdiction of said cause, or hearing or disposing of the motions now pending on behalf of the defendants, or any other motion, or making any order in said cause at the present term of court."

The court having adjourned the hearing of said motion until the 25th day of October, 1893, the plaintiffs, on said last mentioned day, filed another protest against the trial of the attachment issue at the present term of court, and in support of said protest filed an affidavit of Sigmund G. Hecht, one of the plaintiffs, which sets forth that the plaintiffs are not able and can not be able to prepare for trial at the present term of court on account of the shortness of time which has intervened, and is to intervene between the time of the institution of said suit of attachment and the beginning of the November term, A. D. 1893, of said Superior Court; that defendant has by his plea denied every cause alleged in said affidavit for attachment, and will, as affiant believes, introduce witnesses to swear to same; that affiant has only himself and another witness by whom he can attempt to prove the allegations in said affidavit, but if the attachment issue is not tried at this term of court he can obtain witnesses, both in this city and elsewhere, to whom the defendant has admitted that he was about to leave the State, and have his effects removed from this State, as set out in the affidavit for attachment; and that he can find witnesses by whom he can prove the truth

Hecht v. Feldman.

of other causes of attachment set up in affidavit; that he is informed by his attorneys that it is unsafe for him to proceed with the trial at the present term of court; that he desires to secure witnesses to prove the causes for attachment set up in the affidavit, and has reason to believe that if not tried at the present term he can obtain such witnesses; that he has a just and meritorious cause of action, both as regards the attachment issue and the claim upon which said attachment was issued; that no declaration has been filed in his behalf, because, as he is informed, he has until the 27th day of this month before he is required to file the same.

The court, however, granted the motion for a new trial at that term upon the attachment issue; whereupon the plaintiffs by their counsel declined to take any part in the trial of the said attachment issue, and then and there excepted to the granting of said motion for a new trial of said attachment issue.

Said attachment issue having been tried by the jury, the plaintiffs not having taken part in said trial, the jury returned a verdict for defendant, to the acceptance of which verdict, and the entry thereof by the clerk, the plaintiffs excepted.

The clerk having entered said verdict of record, the plaintiffs entered their motion for a new trial, to be had at the November term, A. D. 1893, of said court.

The court overruled the motion for a new trial, to which the plaintiffs excepted, and the court having entered judgment on the verdict, the plaintiffs excepted and prayed an appeal.

So soon as the parties to a cause are brought or come into court it has personal jurisdiction over them, and may, with their consent, proceed at once to try the cause. The fact that a case is brought to the December term, that is, that the summons is made returnable at that term, does not deprive the court of jurisdiction to try the cause at the November term, if all parties come in and consent to such proceeding.

A defendant may, as soon as suit has been brought against

him, appear therein, and is entitled then to be heard upon such motions as he may make, among which are a motion to dismiss the suit, for security for costs, and for an immediate trial.

The statute concerning attachments provides that the plaintiff may have his writ returnable to the next term, or to any succeeding term to be held within three months.

In many cases if this right did not exist it would be necessary to continue the cause, because that a sufficient time for the publication necessary to be made as to parties not found had not elapsed.

Neither this section nor any other provision of the act is to be construed so as to operate as an instrument for oppression.

If a person may, by seizing one's goods and putting off the time of hearing for three months, coerce a defendant into submission to an unjust demand, the statute may easily be made the means of oppression.

The remedy by attachment is an extraordinary one. In advance of any determination that anything is due, a creditor may, upon affidavits as to the existence of certain things, seize the property of an alleged debtor and hold it for future determination as to there being any justification for such seizure. While the attachment act does provide for a release of the property seized, upon the giving of a bond by the alleged debtor, we do not think that for this reason the creditor should be permitted to delay a trial upon the right to maintain the attachment.

The alleged debtor may not be able to give a satisfactory bond, and yet the attachment be unwarranted and unjust. A party who resorts to this extraordinary remedy, and thereby ties up the property of another, should be ready at all times to maintain his rights to do what he has done; he ought not to be permitted, while holding the property of his debtor, to say, "when I am ready or when it is convenient for me, I will produce the evidence which justifies my act."

We see no reason why the rule existing in case of injunctions should not be applied here. The complainant who has

procured an injunction must be ready to sustain his right thereto whenever it is attacked. Secs. 14 and 15, Ch. 69, R. S.; Minturn v. Seymour, 4 Johnson Ch. 173; Jones v. Commercial Bank, 5 How. (Miss.) 43; Metropolitan Exchange v. Chicago Board of Trade, 15 Fed. Rep. 847.

Likewise, the plaintiff in attachment should be ready for immediate trial; to tie up the defendant's property, deprive him of the means of earning a livelihood, and then ask him to wait until the plaintiff can get ready to sustain his action, is not just nor within the requirements of the attachment or practice act.

The statute permits the court for good and sufficient cause to try causes out of their order.

We think that the cause was in this case good and sufficient. The judgment of the Superior Court is affirmed.