MAX HECHT *et al.*

*v.*

E. FELDMAN.

*Filed at Ottawa November 27, 1894.*

1. TRIAL—*court, though in session, cannot try case brought to later term.* The fact that a court is still in session, holding a prior term, does not give it jurisdiction to try a case brought to a term the time for the convening of which has not yet arrived.

2. ATTACHMENT—*issue on affidavit for—when triable.* The issue made by traversing an affidavit for attachment cannot, without the plaintiff's consent, be tried before the first term of court at which the attachment writ could properly be made returnable, even though the attached property may be greatly damaged by the delay.

*Hecht* v. *Feldman,* 54 Ill. App. 144, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

Mr. FREDERICK A. WILLOUGHBY, and Mr. AUGUSTUS BINSWANGER, for the appellants :

It is optional with a plaintiff in attachment to have his attachment returnable to the next term, or to any succeeding term to be held within three months. *Savings Inst.* v. *Givens,* 82 Ill. 157.

We say that the court had no jurisdiction to try the attachment issue at the October term of the court. So far as this case was concerned, there was no court legally in session. The judgment is as absolutely void as if the term of court had been unauthorized by law. *Archer* v. *Ross,* 2 Scam. 303 ; *Robinson* v. *Ferguson,* 78 Ill. 538.

The word "court" has various significations, but in its legal sense it is "a body in the government, organized for the public administration of justice at the time and place prescribed by law." 4 Am. & Eng. Ency. of Law, 447.

To give existence to a court, its officers, and the time and place of holding it, must be such as are prescribed by law. *Hobart* v. *Hobart,* 45 Iowa, 503.

This court, in 1870, reversed fifty-three cases from the Superior Court of Cook county because there was no *placita* in the record showing that the court had been properly organized. *Lumber Co.* v. *Chicago,* 56 Ill. 304; *Rich* v. *Chicago,* 59 id. 286.

Had the legislature intended to give the debtor the further right to have his case tried before the return term, it would, while prescribing the term to which the plaintiff could bring his attachment, have added such provision. But even conceding that this supposed hardship is a *casus omissus* on the part of the legislative department, the judiciary cannot supply the defect. As was said in *Douglass* v. *Essex County,* 38 N. J. L. 214, it is not the province of courts to supervise legislation and keep it within the bounds of common sense and propriety; and in *Cooke* v. *School District,* 12 Col. 458 : "When courts undertake to make laws for 'hard cases,' they pass out of their proper sphere."

Messrs. BLUM & BLUM, for the appellee :

It has been decided that jurisdiction may be acquired by appearance without service. *Kelly* v. *Donlin*, 70 Ill. 378.

The power to hear and determine a case is jurisdiction. *Bush* v. *Hanson*, 70 Ill. 480.

It has been repeatedly decided, that whether there is a good and sufficient cause for trying a case otherwise than in the order in which it is placed on the docket, is a question for the court—a matter of discretion. *Crosby* v. *Kiest*, 36 Ill. App. 425 ; *Clapp* v. *Rauch*, 90 Ill. 468 ; *Kilan* v. *Clark*, 9 Bradw. 426 ; *Anthony* v. *Bank*, 93 Ill. 225.

The discretion of the court in trying cases at different times than are set for hearing will be interfered with only for abuse. *Clark* v. *Marfield*, 77 Ill. 258; *Smith* v. *Bank*, 79 id. 118.

Mr. JUSTICE BAILEY delivered the opinion of the court :

On the 16th day of October, 1893, Max Hecht and S. G. Hecht, co-partners, under the firm name of Max Hecht & Brother, commenced their suit in assumpsit against E. Feldman, in the Superior Court of Cook county, by attachment, their writ being made returnable to the November term of the court, a term appointed by law to be held on the 6th day of November following. The attachment writ, on the day of its date, was levied upon a stock of goods and merchandise belonging to the defendant, and was also personally served on him, but it was not returned by the sheriff into court until November 15, 1893, but the return, when made, showed service on the 16th day of October, 1893.

On the 19th day of October, 1893, and before the writ was returnable or in fact returned, the October term of the court being then in session, the defendant appeared and filed his plea traversing the facts stated in the affidavit upon which the attachment was issued, and on the same day made his application to the court to set the issue upon his plea traversing the attachment affidavit,

for immediate trial. In support of this application he filed his affidavit, in which he stated, in substance, that the property attached was his stock of goods, consisting of World's Fair guides, souvenirs, etc., kept in his place of business near the World's Columbian Exposition; that the exposition would close before the case, in the ordinary course of legal proceedings, could come to trial, and that after it closed the goods would be of no value.

On the 21st day of October the defendant filed a further affidavit, in which he stated that he had made diligent efforts to obtain a bond for the purpose of procuring a release of his goods from the attachment, but had been unable to do so, and that if he should obtain a bond it would be of no value to him, since it was necessary to dispose of the goods at once, and if kept until the determination of the suit they would be practically valueless.

On the day last named, the plaintiffs came and entered their oral protest against the disposition of any motion or the making of any orders by the court, and against its taking any jurisdiction of the cause at the then present term. The court having postponed the hearing of the motion until October 25, the plaintiffs on that day filed another protest against the trial of the attachment issue at that term, and in support of their protest filed the affidavit of S. G. Hecht, stating that the plaintiffs were not able, and would not be able, to prepare for trial at the then present term of court, on account of the shortness of time which had intervened and would intervene between the commencement of the suit and the commencement of the November term; that defendant, by his plea, had denied every cause for an attachment set forth in the affidavit for attachment, and would, as the affiant believed, introduce witnesses to swear to the same; that the affiant had only himself and another witness by whom he could attempt to prove the allegations of his affidavit, but if the attachment issue should not be tried at that term he could obtain witnesses, both in the city and else-

where, to whom the defendant had admitted that he was about to leave the State and have his effects removed from the State, as set out in the attachment affidavit; that he was informed by his attorneys that it was unsafe for him to proceed with the trial at the then present term; that he desired to secure witnesses to prove the causes for attachment set up in the affidavit, and had reason to believe that if the trial was not had at that term he could obtain such witnesses; that he had a good and meritorious cause of action, both as regards the attachment issues and the claim for which the suit was brought; that no declaration had been filed in the cause, because, as he was informed, he had until the 27th day of the month before he was required to file the same.

The court, however, granted the defendant's application for an immediate trial of the attachment issue, whereupon the counsel for the plaintiffs declined to take any part in such trial, and then and there excepted to the order of the court granting an immediate trial of that issue.

The attachment issue was thereupon submitted by the court to a jury, the plaintiffs taking no part in the trial, and at such trial the jury returned a verdict for the defendant, the plaintiffs, by their counsel, objecting and excepting to the acceptance of the verdict and its entry by the clerk. The verdict having been entered of record, the plaintiffs entered their motion for a new trial, which was overruled, and judgment was thereupon entered upon the verdict, quashing the writ of attachment and for costs. That judgment has been affirmed by the Appellate Court on appeal, and this appeal is from the judgment of affirmance.

We are of the opinion that the court had no authority, without the consent of the plaintiffs, to try the issue upon the defendant's plea traversing the attachment affidavit at the October term, and that such trial, and the consequent verdict and judgment, are erroneous. The suit

having been commenced and the attachment writ having been made returnable to the November ·term, the cause was not pending before the court for trial at the October term. With a view to the orderly administration of justice, the law appoints terms, during which the court may be in session for the transaction of business pending before it at such term, but for most purposes, at each successive term, it must be regarded as having a separate organization and jurisdiction. At a subsequent term it has no control of matters which have been finally adjudicated at a prior term, and, as to matters undisposed of, jurisdiction is acquired only by means of continuances expressly ordered or resulting from the operation of the statute. So the mere fact that a court is still in session, holding a prior term, does not give it jurisdiction to try causes brought to a term the time for the convening of which has not yet arrived.

The whole policy of our Practice act clearly indicates that causes commenced in the Superior Court are not to stand for trial until the term to which the process is made returnable. It is provided that the process "shall be made returnable on the first day of the next term of court in which the action may be commenced," and if ten days shall not intervene between the suing out of summons and the next term of court, it·shall be made returnable to the next succeeding term, but the option is given to the plaintiff, in any case, to have summons returnable to any term of court which may be held within three months after the date thereof. (Rev. Stat. chap. 110, sec. 1.) The summons, by its terms, requires the appearance of·the defendant in court on the first day of the return term, and his presence in court at an earlier day is not contemplated and can not be compelled. The sheriff is not required to make return of process until the return day thereof, (id. sec. 3,) and until such return the court has no proof of service or of its jurisdiction over the defendant. The plaintiff is required to file his

declaration only ten days before the term to which the summons is made returnable, (id. sec. 17,) and there is nothing in the statute, nor in any rule of practice of which we are aware, which makes it the duty of either party to be ready for trial before the first day of the return term.

But it is said, that as this is an attachment suit, in which the goods of the defendant have been seized under the writ, a different rule should apply. In considering this contention it should be remembered that the proceeding by attachment is purely statutory, and that the proceedings in attachment cases must therefore be governed by the statute; and we are unable to find any provision in the Attachment act which so changes the rules of practice applicable to ordinary suits at law as to warrant the court in compelling the plaintiffs in attachment suits, when the defendant so desires, to submit to a trial of their case before the return day of the writ. On the other hand, section 16 of the Attachment act expressly provides that the practice in attachment cases, except as otherwise provided in that act, shall conform, as nearly as may be, to the practice in other suits at law. As there is nothing in the Attachment act prescribing the term to which attachment writs shall be returnable, or the term at which the defendant may insist upon a trial, it follows, necessarily, that the same rules must be held to control these matters which prevail in ordinary suits at law.

Undoubtedly, it may be a hardship for a defendant to have his property seized on attachment and held in the custody of the law during the pendency of the proceeding, but such hardship is inseparable from the very nature of the remedy which the law gives by that species of writ. The legislature, however, has not been unmindful of this fact, but has embodied in the statutes various provisions for the protection of the interests of the attachment debtor, so as to reduce, so far as possible, the present inconvenience or the ultimate loss resulting to

him from the seizure of his goods under the writ. Before the attachment can issue the creditor is compelled to give bond with sufficient security, conditioned that he will prosecute his suit with effect, and pay such damages as may be awarded against him and in favor of the debtor for wrongfully suing out the writ. If the debtor desires to have the property attached, in his own possession during the pendency of the suit, he may obtain such possession by executing to the officer a forthcoming bond. If he desires to have it released from the attachment altogether, he may procure such release by giving a bond conditioned for the payment of such judgment as shall be finally rendered against him in the suit. (Rev. Stat. chap. 11, secs. 5, 14, 15.) That there may be no unnecessary delay in the prosecution of the suit, it is provided that the plaintiff may be required to file his declaration at the first term of court, and that the defendant may have a trial at such term, unless sufficient cause for a continuance is shown. Rev. Stat. chap. 110, sec. 18.

It was doubtless supposed that by these provisions the rights of the defendants in attachment would be adequately protected, and therefore, as it seems, no provision has been made by any statute, so far as we are aware, for the trial of any issue prior to the first term of court after the date of the writ. The provision expressly giving the defendant a right to a trial at the first term, would seem to negative, by implication, the right to a trial at any previous term. There being nothing, then, in the statute warranting a trial in this case at the October term, it is clear that such trial was erroneous, and unauthorized by law.

It is suggested that as the plaintiffs had caused the property to be seized on attachment, they ought, upon general principles of law, to be at all times ready to vindicate the propriety of such seizure. We are aware of no such principle as the one here assumed. An analogy is sought to be drawn between this case and cases in

chancery where a complainant has procured an injunction against a defendant, and where it is held that, having done so, he must be ready at all times to sustain his right to the injunction. A moment's reflection will show that the supposed analogy wholly fails, because, in the statute in relation to injunctions, it is expressly provided that the defendant against whom an injunction has been issued may, at any time in vacation, on five days' notice, move to dissolve the writ, (Rev. Stat. chap. 69, sec. 14,) but there is no similar provision for quashing or dissolving an attachment on motion, or in any other way except by giving bond for the payment of the judgment, or by showing on trial that it has been improperly issued.

The claim here is, that the goods seized on attachment, by reason of the peculiar circumstances, were likely to become practically valueless if held until the return term, when a trial could properly be had. If that is so, the defendant was at liberty to get back his goods, free from the attachment, by giving a bond conditioned for the payment of such judgment as should be rendered against him in the suit. It will not do to say, that because of want of credit, or want of friends, or for some other cause, he was unable to give the required bond, some other measure of relief not provided by statute should be accorded him. That he was unable to give the required bond was his misfortune, but it did not entitle him to any treatment different from that which the law accords alike to all attachment debtors.

We are of the opinion that the trial of the issue on the attachment affidavit at the October term was unauthorized, and that the verdict and judgment resulting from such trial were erroneous. The judgment of the Appellate Court and the judgment of the Superior Court will be reversed, and the cause will be remanded to the latter court for further proceedings.

*Judgment reversed.*