Wright v. Case.

---

## Esther Fidelia Wright v. George J. Case et al.

| 69 | 535 |
|----|-----|
| 85 | 284 |
| 69 | 535 |
| 96 | 1208 |

1. Appeals—*Lie from Refusal to Appoint Receiver, After Sale, in Foreclosure Suit.*—An appeal will lie from an order refusing to appoint a receiver of the rents of mortgaged property, after a sale under foreclosure and the approval of a master's report showing a deficiency.

2. MORTGAGES—*Provision for Appointment of Receiver Should be Enforced.*—Where the terms of a mortgage expressly give the mortgagee the right to have a receiver appointed to collect rents after a sale is had and a deficiency judicially ascertained, it is error to refuse to appoint a receiver when the conditions stated have arisen. The contract of the parties as to remedies should be followed.

**Bill to Foreclose Mortgage.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded with directions. Opinion filed March 15, 1897.

STILLMAN & MARTYN, attorneys for appellant.

CUTTING, CASTLE & WILLIAMS, attorneys for appellees, August F. Kreft, Guardian, et al.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order refusing to appoint a receiver of the rents of mortgaged property, after a sale under foreclosure, the proceeds of which sale were insufficient to satisfy the decree. The mortgagors sold the property, before the foreclosure suit was instituted, to one who assumed the payment of the mortgage, but died, and of whose estate there is shown neither executor nor administrator.

The mortgagors were served only by publication, and thus there is no party against whom a decree for the deficiency can be made; but the master's report of the sale, showing the deficiency, has been confirmed by the court, so that the fact of the deficiency is judicially established.

The mortgage contains ample provisions for the appointment of a receiver, either before a decree or after a sale leaving a deficiency.

We have been referred to no authority holding under an appellate system like our own, that an order refusing to appoint a receiver is appealable. The general rule is that appeals lie only from final orders; and orders granting, refusing or dissolving injunctions; and orders appointing or discharging receivers, in the absence of statutory provisions,

are usually not appealable. High on Inj., Ch. 33; High on Rec.. Sec. 25 *et seq.*

But in Titus v. Mabee, 25 Ill. 257, and in many cases following it, it has been held that where the only relief sought was an injunction, the dissolution of the injunction would be treated as a final order and appealable. And analogous cases at law—though the question was not raised—are Hecht v. Feldman, 54 Ill. App. 144, and Page v. Dillon, 61 Ill. App. 282, where this court entertained appeals from judgments disposing of the attachment part of a suit, while the suit upon the merits remained pending in tl e lower court. In the first of those cases the Supreme Court also did as we did, except that it reversed our judgment upon the law of the point at issue—153 Ill. 390. In this the Supreme Court and this court departed from the general rule. 2 Ency. Pl. & Pr. 118.

.Now here the suit is at an end. The application for a receiver is to obtain the fruits, as is an application for a writ of assistance which has often been the subject of appeals. Lambert v. Livingston, 131 Ill. 161.

The grounds upon which a receiver was denied appear to be only sentimental.

Part of the heirs of the purchaser from the mortgagors are infants, with no other income than the rents of this property; it is alleged that the sale under the decree was for only two-thirds of the value of the property, and that the purchaser is a trustee for the mortgagee.

Under the terms of the mortgage the right of the appellant, as mortgagee, to the rent was fixed and clear. The contract of the parties is to be followed as to remedies. Nicholls v. Peninsular Stove Co., 48 Ill. App. 317.

No other remedy is available to the appellant, as to the deficiency than a receiver of the rents. If the property is worth more than it sold for, it may be redeemed; and if the poverty of the owners of the equity of redemption should prevent them from redeeming, that—paraphrasing what is said in Hecht v. Feldman, 153 Ill. 390, as to the ability of the debtor to give a forthcoming bond—is their misfortune,

but does not entitle them to any treatment different from that which the law accords alike to all mortgagors under like contracts.

The order is reversed and the cause remanded, with directions to grant the application of the appellant for a receiver of the rents, to be applied to the satisfaction of the deficiency.

Reversed and remanded with directions.