## Cornelius C. Chandler v. William H. Smith.

1. MEASURE OF DAMAGES—*Loss Occasioned by Pecuniary Condition of Plaintiff.*—That a plaintiff suing for the wrongful destruction of a barn had no place to take his horses, and could get none, is a matter of which the law will take no notice, as the pecuniary condition of such a plaintiff can not be considered in determining the measure of his damages.

2. SAME—*The Rule as to Recovery for Torts Stated.*—A plaintiff suing for a tort can only recover such damages as are the natural and proximate result of the injury complained of.

3. BURDEN OF PROOF—*Of a License.*—In a suit for the wrongful destruction of a barn, the defendant pleaded a license. *Held*, that the burden was upon him to establish it, as affirmative defenses must be proved by the defendant.

4. NEW TRIALS—*Cumulative Matter Not Sufficient.*—Affidavits in support of a motion for a new trial which are merely cumulative and not conclusive, furnish no sufficient reason for the allowance of the motion.

**Trespass,** for the destruction of a barn. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judgè, presiding. Heard in this court at the March term, 1897. Affirmed if remittitur be entered, otherwise reversed and remanded. Opinion filed August 5, 1897.

BURHANS & HILL, attorneys for appellant.

PARKE E. SIMMONS, attorney for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

This is an action by the appellee against the appellant for tearing down a barn occupied by the appellee as a livery, boarding and sale stable. He has recovered $800, for $589 of which the brief of his counsel accounts as the loss

on horses which he sold at a sacrifice. True, the brief says the whole damages, for which he undertakes to give items, should have been $1,022.

Selling his horses at a sacrifice may have been dictated by many other reasons than tearing down the barn. That appellee had no place to take his horses and could get none, is a matter the law takes no notice of. The pecuniary condition of appellee can not be considered in determining the measure of his damages. Hecht v. Feldman, 153 Ill. 390; Palm v. Ohio and Mississippi R. R., 18 Ill. 217.

In any event, it can not be said the fact that appellee was compelled to sell his horses was the natural and proximate result of the barn being torn down. This must be so before the loss on sale of horses would be a proper element of damages. 1 Sutherland on Dams., 19 and 21; Chapman v. Kirby, 49 Ill. 211.

The other proof as to damages to appellee we think was properly submitted to the jury, and would justify a verdict to the amount of $433, but no more for loss on business of appellee. Chapman v. Kirby, *supra.*

The appellant contends that having pleaded a license, the burden was on the appellee to prove that the appellant had no license; this position is not tenable. Affirmative defenses must be proved by the defendant. Messmore v. Larson, 86 Ill. 268.

It may be that if the defense of freehold in Mrs. Harris, and entry by her authority, 1 Ch. Pl., 539, Ed. 1883, had been pleaded, it might have been proved, destroying the appellee's whole case. But no such plea was put in.

The affidavits read in support of a new trial were merely cumulative and not conclusive, and therefore furnish no sufficient reason for granting a new trial.

If the appellee will, within ten days after this opinion is filed, remit $367 from the judgment, we will affirm the residue.

If not, for the error in admitting the evidence of loss on horses, the judgment must be reversed and the cause remanded. In either event the costs are against the appellee.