### Charles G. White v. Louis E. Mackey et al.

1. EQUITABLE RELIEF—*In Foreclosures.*—A court of equity has power to appoint a receiver after sale and grant equitable relief where there are no express words in the mortgage giving a lien upon rents and profits derived from the property, but whether such relief will be granted depends upon the facts and circumstances existing at the time the application is made.

2. SAME—*Appointment of a Receiver.*—A receiver of the rents will not be appointed in a foreclosure proceeding, unless it be made to appear that the mortgaged premises are insufficient security for the debt, and the person liable personally is insolvent, or at least of very questionable responsibility.

3. HOMESTEAD—*Not Included in Purchase of Equity in Mortgaged Premises.*—The purchase of an equity in mortgaged premises does not include a right of homestead, that right having been released by trust deed.

Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed October 27, 1899.

Stillman & Martyn, attorneys for appellant.

No appearance by appellee.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is an appeal from a final decree denying appellant's motion for a receiver, entered upon confirmation of the master's report of sale in a foreclosure proceeding.

The report of sale and distribution shows a deficiency of $189.03, and a decree for this deficiency was entered against the mortgagor, who, it is claimed, is shown to be insolvent. The premises were sold to a stranger to the foreclosure proceedings, and the appointment of a receiver was sought to collect the rents, issues and profits, to be applied under order of court in paying the deficiency, which it appears can not otherwise be collected.

The trust deed contains a provision wherein the maker of the trust deed covenants and agrees that in case of filing a bill in chancery to foreclose, a receiver may be appointed by the court at the time of filing the bill, with the usual powers, and to have immediate possession of the premises, and to lease and collect the rents during the pendency of the suit, and during the statutory time of redemption from sale; and after paying expenses, the remainder of the rents and income are to be applied toward payment of any deficiency not paid by the proceeds of sale. It is also provided in case of foreclosure, sale, and a deficiency not paid by the proceeds of the sale, a receiver may then be appointed, if no appointment has previously been made, with the same rights and powers.

"That a court of equity has power to appoint a receiver and grant equitable relief where there are no express words in the mortgage giving a lien upon rents and profits derived from the property is conceded. In such a case, whether relief will be granted is dependent upon the facts and circumstances at the time the application is made." First Nat. Bank v. Illinois Steel Co., 174 Ill. 140, on p. 149. "Such action will not be taken, however, unless it be made to appear the mortgaged premises are an insufficient security for the debt, and the person liable personally for the debt is

insolvent, or at least of very questionable responsibility." Haas v. Chicago Building Society, 89 Ill. 498–502. And such appointment may be made after the sale, because "it could not be ascertained until after the sale whether there would be a deficit requiring the appointment of a receiver to collect the rents and profits during the time of redemption." First Nat. Bk. v. Illinois Steel Co., *supra*.

In the case before us there is no brief filed in behalf of appellee. It is claimed by appellant that a receiver should have been appointed as a matter of equity. So far as appears from the evidence before us, we must agree with this contention. It appears that the mortgaged premises are an insufficient security for the debt, and the person liable therefor is insolvent. As is said in Wright v. Case, 69 Ill. App. 535, "No other remedy is available to the appellant as to the deficiency than a receiver of the rents."

There appears to have been a claim set up by some of the appellees that they purchased the premises from a stranger to the record after the execution and record of the trust deed, and are entitled to possession of the premises as a homestead. But no competent evidence appears in the record to sustain such claim, and at the most they acquired only an equity of redemption, which did not include the right of homestead, that right having been released to appellant before they acquired any title whatever. In McCormick v. Wilcox, 25 Ill. 274, it is said that "no homestead rights could attach to the premises by making it a homestead after the mortgage was executed." Upon the record before us the order of the Superior Court refusing to appoint a receiver to collect the rents, to be applied under order of the court, and according to its practice in payment of the deficiency decree, is reversed and the cause remanded.