Janeway v. Burton.

---

# Henry L. Janeway et al. v. A. Burton.

1. LIMITATIONS—*Absence from the State Deducted.*—When a cause of action accrues against a person while he is absent from the state, such action may be commenced within the time limited by the statute after his return to the state.

2. NEW TRIALS—*Grounds Not Stated in the Motion Are Waived.*—In a motion for a new trial, the grounds not stated in the motion before the trial court are waived, and can not be raised in the Appellate Court.

3. SAME—*Newly Discovered Evidence Cumulative.*—Newly discovered evidence which is merely cumulative is not ground for a new trial.

**Trespass to Personal Property.**—Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 5, 1902.

**Statement.**—This is an action of trespass, commenced February 20, 1901. The declaration avers that in June, 1889, appellants prosecuted a replevin suit against appellee and one Ettleson; that under the writ a large quantity of wall paper was taken by the sheriff and turned over to appellants; that on trial the judgment was for appellee, and a *retorno habendo* was ordered; that the value of the goods was $1,500, and appellee necessarily spent $100 in defending said suit.

Pleas, general issue and the statute of limitations. Replication to last plea, appellants have always resided out of this State, and have not lived or been within this State since the cause of action accrued. Rejoinder, that appellee did not commence suit within six years as required by the laws of New Jersey, where appellants have always resided. Demurrer to the rejoinder, which was sustained.

Upon the trial the issues were found for appellee and his damages assessed at the sum of $1,260.16. Judgment; appeal prayed and perfected.

N. M. JONES and H. S. SHEDD, attorneys for appellants.

JAMES HARVEY HOOPER, attorney for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The motion to strike the appeal bond from the record and to dismiss the appeal herein was reserved to the hearing. That motion is overruled.

Appellants' first point is that as suits on open accounts are outlawed in Illinois in five years, and in New Jersey, where appellants have lived since 1889, in six years, and as

Janeway v. Burton.

this suit was not begun until more than eight years after entry of judgment in the replevin suit, it is barred by the statute of limitations.

The object of the law-making power in enacting section 18, Ch. 83 R. S., entitled "Limitations," was to favor the resident as against the non-resident; to relieve the former from the necessity of following the latter into other states and countries, and there bringing action, under penalty of losing his debt by the running of the statute of limitations. Story v. Thompson, 36 Ill. App. 370–373.

It is admitted that appellants prior to and at the time of the entry of the replevin judgment were, and ever since have been, non-residents of this State. It is true that the cause of action accrued more than five years before the commencement of this suit; but the fact that appellants were and are non-residents, brings the case within the exception provided for in section 18. Hubbard v. U. S. Mtg. Co., 14 Ill. App. 40–49; Story v. Thompson, *supra.*

Appellants' second point is that a new trial should have been granted on the ground of newly discovered evidence, as set forth in the affidavit of Henry A. Tilton.

On the written motion for new trial in the court below the ground of newly discovered evidence is not stated as a reason why the verdict should be set aside. Both the court and opposing counsel had the right to suppose that the six points filed by appellants upon this motion included all they relied upon in support thereof. The grounds or reasons having been specified, all others are waived. This court can not consider an objection which was not urged below. (Jones v. Jones, 71 Ill. 563; The Ottawa, etc., v. McMath, 91 Ill. 104–111; West Chi. St. Rd. Co. v. Krueger, 168 Ill. 586.) The affidavit is made upon information and belief. Such a motion must be supported by affidavits of the witnesses by whom it is proposed to prove the facts relied on, or some excuse must be shown for not obtaining them. (Emory v. Addis, 71 Ill. 273–275.) Neither of these requisites appear in the record.

The testimony sought to be produced is as to the value

406 APPELLATE COURTS OF ILLINOIS.

of the goods replevied. The value of these goods was the main contention in the trial. Such evidence is merely cumulative, and therefore not ground for a new trial. Blake v. Blake, 70 Ill. 618-626; Chandler v. Smith, 70 Ill. App. 658.

Appellants' third point is that the amount of the judgment is excessive.

This question was fought out in the trial. There is ample evidence in the record, if believed, to sustain the verdict. The jury found the appellee's damages, and the learned judge, who presided at the trial, approved of that finding by overruling the motion for new trial and by directing the entry of judgment. We can not say that the verdict is manifestly against the preponderance of the evidence.

Appellants' last point is that the judgment can not be sustained because the record does not show the date of the replevin judgment, "hence it might have been after the suit at bar was commenced."

The supplemental record shows that this replevin judgment was entered September 26, 1893. The suit at bar was commenced in February, 1901. Hence this point must be ruled against appellants.

The judgment of the Superior Court will be affirmed.