## HECTOR DUBE vs. GUSTAVE SIMARD.

### Androscoggin.    Opinion June 13, 1925.

*When a laborer has adequate cause to justify an omission to fulfill his contract, such omission cannot be regarded as his fault and he has a right to refuse to continue his employment.   Whether or not adequate cause for such omission exists is a question of fact for the jury.*

*If a contract of employment is abandoned temporarily, it does not necessarily follow that the contract thereby becomes finally terminated.   The failure to perform may be waived by the party not in fault and the contract continued regardless of such breach, and such waiver applies to sealed instruments.*

In the instant case no reason is found for setting aside the verdict for the plaintiff, which, of necessity, was based upon a finding that plaintiff was justified in his temporary abandonment of the contract or, his abandonment being unjustified, was expressly or impliedly waived by defendant.

Evidence that, prior to the plaintiff's discharge, the defendant hired another baker at a substantially reduced wage was incapable of affording any reasonable presumption or inference as to the facts in dispute and was not admissible. Its admission, however, is deemed harmless.

On motion and exceptions.   An action of covenant broken brought by plaintiff, a baker, who alleges that defendant hired him for a term of two years and discharged him without cause, or if there was cause defendant had waived it.   The jury found for the plaintiff and defendant excepted to the admission of certain evidence and also filed a motion for a new trial.   Motion overruled.   Exceptions overruled.

The opinion states the case.

*Benjamin L. Berman, Jacob H. Berman and Edward J. Berman,* for plaintiff.

*Carroll & Callahan,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, WILSON, STURGIS, BARNES, JJ.

STURGIS, J.   The defendant, who is the proprietor of the Simard Bakery in the city of Lewiston, by a written contract under seal

dated December 2, 1922, hired the plaintiff as a baker for the term of two years at wages of sixty-five dollars per week. January 23, 1924, the plaintiff was discharged without cause and brings this action of covenant broken. The defendant pleads and in argument contends that the original contract of employment was terminated because of its abandonment by the plaintiff on December 10, 1922, and that at the time of his discharge, the plaintiff was working under a new and substituted oral contract of hiring for an indefinite period. The evidence clearly establishes a temporary abandonment of the contract by the plaintiff on December 10, 1922, which he justifies on the ground that he was required to perform duties outside of the terms of his employment and says that even if his abandonment of the contract was not justified, it was waived by the defendant and the original contract thereafter was mutually recognized and treated as in full force and effect. The case is before this court on a general motion and exceptions.

THE MOTION.

When a laborer has adequate cause to justify an omission to fulfill his contract, such omission cannot be regarded as his fault, and he has a right to refuse to continue his employment. Whether or not adequate cause for such omission exists is a question of fact to be determined by the jury. *Lakeman* v. *Pollard et als.*, 43 Maine, 467. In the instant case, upon the evidence the jury could have found that the plaintiff was required to perform duties outside of his contract and had adequate cause to justify his refusal to continue his employment, but that, after conferences with the defendant, at which he was assured he would not be required to perform the objectionable duties, the plaintiff waived his right to abandon the contract and by mutual agreement the parties resumed their relations and continued them under the original contract.

Assuming, however, that the plaintiff's abandonment of the contract was found by the jury to be unjustified, it does not necessarily follow that the contract thereby became finally terminated. If one party abandons a contract and refuses to abide by it, that refusal will undoubtedly authorize the other party to rescind the contract and refuse longer to be bound by it. *Simpson* v. *Emmons*, 116 Maine,

14. But the failure to perform may be waived by the party not in fault and the contract continued regardless of such breach. *Lowell* v. *Wheeler's Estate*, 95 Vt., 113; *Gould* v. *Banks*, 8 Wend., (N. Y.), 563; *Grabtree* v. *Hagenbaugh*, 25 Ill., 214; 6 R. C. L., 1022, Par. 383; 26 Cyc., 994. The fact that the contract is under seal does not change the rule. While, by the strict rule of the common law, the performance of the conditions of a contract under seal could not be waived by a parole executory agreement, the tendency of the decisions of the United States has been to apply the same rule as to waiver to sealed instruments as to simple contracts and this tendency has been recognized by this court. *Stachowitz* v. *Anderson Co.*, 123 Maine, 336; *Hilton* v. *Hanson*, 101 Maine, 21; *Copeland* v. *Hewett*, 96 Maine, 525; *Adams* v. *MacFarland*, 65 Maine, 143. To the same effect see *Becker* v. *Becker*, 250 Ill., 117; *New York* v. *Butler*, 1 Barb., 325, 338; *Platte Land Co.* v. *Hubbard*, 30 Col., 40; 13 C. J., 672.

Waiver is essentially a matter of intention, yet such intention need not necessarily be proved by express declarations. It may be inferred from the acts and conduct of the party. Acts and declarations manifesting an intent and purpose not to claim the supposed advantage or a course of acts and conduct or neglect and failure to act, such as to induce a belief that it was the intention and purpose to waive, will establish a waiver. *Holt* v. *N. E. Tel. & Tel. Co.*, 110 Maine, 10; *Burnham* v. *Austin*, 105 Maine, 196. Adhering to his contention that his temporary abandonment of his contract was justified, the plaintiff urges that if the abandonment be found to be unjustified, nevertheless it was expressly waived by the defendant, and again he says that if there was no express waiver, the acts and declarations of the defendant at the time of the abandonment and thereafter until the plaintiff was discharged were sufficient to constitute a waiver under the foregoing rule. The jury returned a verdict for the plaintiff and of necessity either found that the plaintiff was justified in his temporary abandonment of the contract on December 10, 1922, or the abandonment being unjustified, the defendant did not elect to rescind the contract because of the breach, but expressly or impliedly waived the plaintiff's failure to perform. The discharge of the plaintiff being admitted, and no justification being shown, we find no reason to set aside the verdict.

THE EXCEPTIONS.

In cross-examination of the defendant, the plaintiff was permitted to bring into evidence the fact that prior to the plaintiff's discharge the defendant hired another baker to do the same work which the plaintiff was performing, but at a substantially reduced wage. To the admission of this testimony the defendant reserved an exception.

The reasons for the plaintiff's discharge or the motives which prompted it were not in issue. The real question to be determined was whether the plaintiff's employment at the time of his discharge was under the original contract and for a fixed term which had not expired or was for an indefinite term which justified his discharge as and when made. Upon this issue, the testimony objected to, we think, was incapable of affording any reasonable presumption or inference as to the facts in dispute and was not admissible. *Provencher* v. *Moore*, 105 Maine, 89. We think, however, that it was harmless and worked no prejudice to the defendant's cause and for that reason this exception must be overruled. *Bessey* v. *Herring*, 121 Maine, 539, 541; *Pierce* v. *Cole*, 110 Maine, 134, 138.

Neither can we sustain the other exceptions reserved by the plaintiff. Taken in connection with other parts of the charge, the instruction of the court upon the question of waiver of a breach of the contract presents no error, and the requested instructions were properly refused. The latter present theories of law entirely inconsistent with the principles to which we have already expressed our adherence in this opinion, and to have given them as requested would have been manifest error.

> *Motion overruled.*
> *Exceptions overruled.*

CORNISH, C. J., sat at argument and participated in consultation, but owing to retirement, does not join in the opinion.