## THE CHICAGO AND ALTON RAILROAD· COMPANY

### *v.*

### AUGUST HEINRICH.

*Filed at Ottawa October 11, 1895.*

1. TRIAL—*taking case from jury by instruction—when not proper.* An instruction directing the jury to find for defendant is properly refused where the evidence introduced fairly tends to support the cause of action stated in the declaration.

2. PLEADING—*misnomer of defendant waived by pleading in bar.* The misnomer of a defendant is waived where such defendant pleads in bar by the right name.

3. SAME—*misnomer cured by the Statute of Amendments.* Such misnomer is cured after verdict by the Statute of Amendments and Jeofails.

4. SAME—*what is not matter of description in declaration.* The allegation in a declaration against a railroad company, sued by a wrong name, for a personal injury, that such injury was received "at the crossing of the railroad of defendant," does not render the erroneous name elsewhere used in the declaration a matter of essential description, which must be proved as laid.

5. EVIDENCE—*sufficiency of proof of highway in personal injury case.* It is not incumbent on one alleging a personal injury by a railroad company at the crossing of a named highway, to show such highway was legally established, either by condemnation, dedication or prescription.

6. COURTS—*for what purpose the Supreme Court may examine evidence.* In actions for personal injury coming from the Appellate Court, the Supreme Court may look at the evidence to determine the correctness of rulings upon evidence and instructions, and to determine (when the question is properly raised) whether the case should have gone to the jury, but for no other purpose.

7. SAME—*decision overruling motion for new trial assignable as error.* Since 1837 (Laws of 1837, p. 109,) the decision of a trial court in this State overruling a motion for new trial has been assignable for error, and a court of review (barring restrictions placed upon the Supreme Court by sections 88 and 90 of the Practice act) may inquire whether a judgment should be reversed upon the evidence.

8. SAME—*duty of Appellate Court to reverse judgment when against evidence.* It is the right and duty of the Appellate Court to reverse judgments of trial courts and verdicts of juries where found to be clearly against the weight of evidence.

*Chicago and Alton Railroad Co.* v. *Heinrich,* 57 Ill. App. 399, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Nathaniel C. Sears, Judge, presiding.

William E. Hughes, and William Brown, for appellant:

When the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, ought to be set aside, the court should direct a verdict for the defendant. *Pleasants* v. *Fant,* 22 Wall. 116; *Herbert* v. *Butler,* 97 U. S. 319; *Bowditch* v. *Boston,* 101 id. 16; *Griffs* v. *Houston,* 104 id. 553; *Railway Co.* v. *Carey,* 115 Ill. 115; *Abend* v. *Railroad Co.* 111 id. 202; *Cunningham* v. *Alexander,* 111 id. 511.

We had a right to an instruction that plaintiff could not recover unless he proved affirmatively that the escape of steam at that place and time was unnecessary, and was caused either by wantonness, or by negligence and carelessness on the part of the persons in charge of the locomotive. *Culp* v. *Railroad Co.* 17 Kan. 475; *Borst* v. *Railway Co.* 4 Hun, 346; *Hill* v. *Railway Co.* 55 Me. 438.

Railway companies running their trains in a lawful and usual manner, without negligence or a wanton disregard of the rights of others, are not responsible to travelers for damages which may happen to them in consequence of their horses taking fright. 1 Thompson on Negligence, 351; *Favar* v. *Railway Co.* 114 Mass. 350; *Norton* v. *Railroad Co.* 113 id. 366; *Hall* v. *Brown,* 54 N. H. 495; *Coy* v. *Railroad Co.* 23 Barb. 643.

In this case, if the whistle had not been sounded at such point and one had been injured by reason of the omission, it would have been negligence *per se.* *Railroad Co.* v. *Stinger,* 78 Pa. St. 219.

Courts will not take judicial notice of the existence or locality of streets and avenues, and their terminii, and

the number of houses thereon, or as to the place of inter-section of a city street.    *People* v. *Callahan*, 60 How. Pr. 372; 1 Phillips on Evidence, (10th Eng. and 5th Am. ed.) 625, 626, and cases in notes.

A corporate name is a necessary element of the exist-ence of a corporation.    Pleadings and proofs as to the name of a corporation must agree.    *Sykes* v. *People*, 132 Ill. 32; *Newby* v. *Gregon*, Deady, (U. S. C. C.) 609.

John J. Coburn, George W. Brown, and Case, Hogan & Case, for appellee.

Mr. Justice Baker delivered the opinion of the court:

At the trial in the Superior Court of Cook county of this action on the case, brought by August Heinrich to recover damages for personal injuries, the court, by its instructions, excluded from the consideration of the jury all of the counts of the declaration except the first of the original counts, and directed them to consider that count only, and the allegations therein contained.    A ver-dict of guilty was returned, in which the damages were assessed at $2500, and a judgment was rendered on that verdict, and the judgment afterwards affirmed in the Appellate Court.

The substance of said first count is, that the plaintiff was riding in his wagon, drawn by his team, upon and along Oakley avenue, a public street in the city of Chi-cago, and was about to cross the defendant's railroad at the crossing of said avenue and said railroad, when the defendant then and there, by its servants, carelessly, negligently and improperly allowed steam to escape from its locomotive engine, making such loud and unusual noise that by and through the improper, negligent and careless conduct of the defendant, by its servants, in that behalf, the horses of the plaintiff became frightened and ran away, and overturned the wagon in which the plaintiff, with due care and caution, was riding on said public

street, whereby the plaintiff was thrown upon the ground and injured.

It is urged it was error to allow the case to go to the jury upon this first count, and to refuse the fourth instruction proffered by appellant, which was as follows: "The court instructs the jury to find the defendant not guilty." This contention is based on three claims: First, that there was no proof that Oakley avenue was a public highway; second, that there was no proof that the defendant carelessly, negligently and improperly allowed steam to escape from the locomotive, thereby making loud and unusual noises; and third, that there is no evidence to prove that through the negligence in that behalf plaintiff's horses became frightened and ran away.

There is no merit in the first claim. Appellee, Heinrich, testifies that he was driving on Oakley avenue south of where Thirty-sixth street. and Oakley avenue come together, and that both go over the railroad at the same point. Both he and Louis Meitz speak of Oakley avenue as a street. Frank C. Smedley testifies that Oakley avenue was about the usual width of the streets,— about fifty or sixty feet. The evidence is, that there was on it a plank crossing for teams, etc., over the railroad tracks; that while the crossing was blocked for fifteen or twenty minutes by the freight train attached to the locomotive passing to and fro over the crossing, there was occasioned quite an accumulation of wagons, etc., waiting for the crossing to be cleared, and that the train was finally backed so that the locomotive would clear the crossing, and the engineer or fireman, or both, then called to those waiting, "Come on now, boys; the crossing is open." This and other testimony of like character found in the record was sufficient to go to the jury as tending to show that Oakley avenue was a public street. And besides this, appellant admits in the record it is a public highway, for in the instructions given at its own instance the jury were told that the escape of steam, under stated

circumstances, "was one of the risks that plaintiff was bound to expect, and did assume, while using the public highway intersecting and crossing said railroad at the place in controversy."

Nor do we think there is merit in either the second or third of the above mentioned claims. The testimony of the witnesses Heinrich, Meitz, Smedley, Shultz and Fixel is to the effect that after the blockade of fifteen or twenty minutes the engine was stopped at the edge of the crossing,—just clearing the crossing,—and the engineer and fireman, one or both, called to those in waiting to come on,—that the crossing was open; that just as the horses of Heinrich struck the rails and were on the first plank in front of the engine "they let off steam,"—"from the top of the engine and from both sides,"—and that the horses of appellee immediately became frightened and ran away, and appellee was thrown to the ground and the wagon ran over both of his legs and caused the injuries for which the suit was brought. Their evidence is that horses other than those of appellee were also frightened by the noise and ran away. One of the witnesses says: "They let steam off as bad as they could let steam off." Another says: "They blew it off, and pretty hard, too. It made every horse dance." And still another says: "The engine made lots of noise." And we are, moreover, unable to see in their testimony any evidence of negligence or want of care on the part of appellee.

We think the evidence introduced for the plaintiff fairly tended to show the negligence charged in the first count of the original declaration, and that such negligence caused the injury. The trial court did not err in submitting the case to the jury, or in refusing to direct a verdict of not guilty.

It was not error to refuse to give instruction 14 in the form in which it was asked by appellant, but it was error to give it in even its modified form. The error, however, was not to the injury of appellant, but for its benefit,

and appellee has assigned no cross-errors.   The defend-
ant, the Chicago and Alton Railroad Company, was mis-
named in the commencement or introductory part of the
declaration, it being there named as the Chicago, Alton
and St. Louis Railroad Company.   It, however, pleaded
by its right name, in bar, and thereby waived the mis-
nomer; and besides this, the defect was cured after ver-
dict by the Statute of Amendments and Jeofails.   In the
body of the first count, where the statement of the sub-
stance of the cause of action is found, it is not alleged
that the injury was caused and received at the crossing
of the Chicago, Alton and St. Louis railroad, but that
it was caused and received at the crossing of "the rail-
road of the defendant," and so there is no place for the
application of the doctrine in regard to matters of essen-
tial description.

The legal principle involved in instruction 12, and the
whole substance of that instruction, were fully covered
by instruction 11, which was given, and it was not error
to refuse said instruction 12.

We have already held herein that appellee was not
required in this suit to show that Oakley avenue, either
by condemnation or by dedication or by prescription,
was legally established as a public highway, and it fol-
lows that the court properly refused to give instruction 9.

At the trial in the Superior Court the law of the case
was given in the instructions of the court more favorably
for appellant than it was entitled to have it given.

In respect to the facts of the case, we may look at the
evidence for the purpose of determining the question of
the correctness of the rulings in refusing and admitting
testimony, and upon the instructions; and also, where
the question is preserved in the record, of deciding, as a
question of law, whether or not the case should have gone
to the jury.   But other than for these or like purposes
we are, in a case such as this, bound by the judgment of
the Appellate Court.   (Practice act, secs. 88, 90.)   By the

statute the conclusions of the Appellate Court are final and conclusive upon all questions or matters of fact. But the Appellate Court is not bound by the judgment of the trial court or by the verdict of the jury. It is true, all questions of fact are for the jury, but the trial court has a supervisory power over their verdict. At common law, and under the law as it was in this State prior to the act of July 21, 1837, (Laws of 1837, p. 109,) the granting or refusing a new trial rested in the discretion of the court before which the case was tried, and could not be assigned for error; but by that act it was provided that exceptions should be allowed to opinions or decisions overruling motions for new trials, and that "the party excepting may assign for error any opinion so excepted to, any usage to the contrary notwithstanding." And under that act, the substance of which has been retained in section 61 of the present Practice act, it has always been held that the court of review may inquire whether the judgment should be reversed upon the ground that the verdict is against the weight of evidence. (*Hill* v. *Ward*, 2 Gilm. 285.) Of course, this rule is modified, as to this court, in certain classes of cases, by sections 88 and 90 of the Practice act, but it has in no way been modified or changed as to the Appellate Courts. It is the right and the duty of the Appellate Courts, under the law as it exists in this State, to reverse the judgments of trial courts and the verdicts of juries, where, upon consideration of the testimony, they find that such judgments or verdicts are clearly against the weight of evidence. We must presume, however, that in this case the Appellate Court has faithfully performed that duty, and has found that the evidence sustains the verdict and judgment.

We find herein no sufficient ground for reversing the judgment of the Appellate Court, and it is affirmed.

*Judgment affirmed.*