### Toledo, P. & W. Ry. Co. v. Jacob Patterson.

1. PRACTICE—*Province of the Court on Motions to Find for the Defendant.*—In an action for personal injuries, upon a motion to find the defendant not guilty, the court is not at liberty to pass upon the weight of the evidence. When that for the plaintiff, considered alone and without reference to the countervailing testimony, is sufficient to support a verdict for the plaintiff, such motion must be denied.

2. NEGLIGENCE—*What is, in Aged People.*—A person eighty years of age is to be chargeable with negligence where he puts himself in a place of danger by driving a horse and wagon on a trot up to a railroad crossing until the moment he catches sight of a rapidly approaching freight train by which his horse becomes frightened and runs away.

3. SAME—*Permitting Elevators and Coal Shutes at Crossings.*—It can hardly be said that to have elevators and coal shutes at a railroad crossing is negligence *per se* in a railroad company, where such buildings are necessary to conduct its business. Such constructions, however, devolve upon the company the duty of exercising greater care in approaching the crossing and giving notice thereof than is required where no such constructions exist.

**Trespass on the Case, for** personal injuries. Appeal from the Circuit Court of Woodford County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed April 11, 1901.

STEVENS & HORTON, attorneys for appellant.

ELLWOOD, MEEK & LOVETT, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case by appellee against appellant, to recover damages for injuries sustained by him in a runaway accident on the 15th day of June, 1898, at the village of Eureka, in Woodford county, which accident he claims was caused by the negligence of appellant. On the day above mentioned, appellee, then over eighty years old, drove into the village in an open buggy drawn by one horse, stopped first at Shaw's chicken house, some two hundred or two hundred and fifty feet from the tracks of the appellant railway company, north of the intersection of said tracks with College street, and after delivering some eggs there, started to drive south across the railroad tracks, moving on a slow trot, as he says, and when he arrived within twelve to forty feet of the main track, or, as he testifies, when his horses' feet were upon the side-track, one of appellant's freight trains came from the west, and as it neared the crossing the horse became frightened, suddenly turned around and ran away, throwing him out of the buggy, whereby he was grievously injured. The declaration in the first and second counts charges negligence in failing to give the statutory signals and avers that no bell was rung or whistle blown for the crossing. In the third and fifth counts it is averred by way of inducement, or as setting forth the situation and surroundings of the crossing, that there were obstructions to the view along the track, setting out what such obstructions were. It is not charged that the obstructions caused the injury, but that they hindered plaintiff from seeing the train; and it is averred that the sudden approach of the train frightened the horse and caused it to run away. The

fourth count set out an ordinance of the village of Eureka, limiting the speed of freight trains to six miles per hour while passing through the village, and charged that the train in question was running at the rate of twenty miles per hour, and averred that "by reason and in consequence of which default and neglect," the horse which plaintiff was driving was caused to turn to the left, upset the buggy and throw the plaintiff to the ground and greatly injure him, etc. The case has been twice tried by a jury. On the first trial, the jury returned a verdict for plaintiff for $1,800, which was set aside by the court and a new trial granted. On the second trial, there was a special verdict that the statutory signals were given, and also that appellee was in the exercise of due care at the time of the accident. A general verdict was returned for plaintiff for $900, upon which judgment was entered, to reverse which this appeal is prosecuted.

No complaint is made by appellant as to the rulings of the court upon the evidence or instructions, except as to the refusal of an instruction to find the defendant not guilty, but it is insisted that the verdict is against the weight of the evidence. The questions in controversy really are: 1. Was the train run at a rate of speed prohibited by the ordinance, that is, in excess of six miles per hour? 2. Did the excessive speed, if shown, cause the horse to become frightened and run away? 3. Was the appellee exercising due care for his own safety when approaching the crossing in the manner shown by the evidence?

There was no error in refusing the instruction to find the defendant not guilty. The court, upon such a motion, is not at liberty to pass upon the weight of the evidence. If the evidence for the plaintiff considered alone and without regard to the countervailing testimony is sufficient to support a verdict such an instruction is properly refused. In this case the evidence for plaintiff would have supported a verdict if uncontradicted by the evidence for the defendant, hence the court could not have given this

Toledo, P. & W. Ry. Co. v. Patterson.

instruction without deciding that the evidence for plaintiff was overcome by that admitted for the defendant, which would have been passing on the weight of the evidence.

As to the first two questions above stated there is great conflict in the evidence, which we deem it unnecessary to discuss as the judgment must be reversed and the cause remanded for another reason.

Was the plaintiff himself in the exercise of due care for his own safety at the time of the accident? On this point the jury found specially that he was, and it is insisted that the question being one of fact, the finding should be upheld by this court. While much weight should be given to the verdict of the jury, it is not the practice of appellate courts to sustain such verdicts when they are clearly against the weight of the evidence, which question it is the province and duty of such courts to consider and determine. (C. & A. R. R. Co. v. Heinrich, 157 Ill. 388.) In the case before us we are of opinion that the finding of the jury as to the due care of the plaintiff is not supported by the evidence. As we have seen, appellant was upward of eighty years old, an age when most men are incapacited from active business. He was driving alone, and approached the crossing of the railroad tracks in College street, driving his horse on a trot until the moment when he and the horse caught sight of the freight train which he says "flashed" by him; whereupon the horse became frightened and unmanageable, turned around and ran away. Several other people in the vicinity, a number of whom were further away from the crossing than appellant was, heard the train coming; certainly two, and apparently three of these persons called out to him a warning of the coming train to which he gave no heed. He claims to have looked and listened for the approach of any train but that he did not see or hear one; that he could not see because of the obstruction to the view of the track on which the train was coming. He also swears his hearing and sight were good. If his hearing was all right no reason is perceived why he did not hear the noise, or as some of the witnesses call it the "rumbling" or the "rattling" of the

train, as well as the shouts given to warn him of its approach, as a number of other persons did who were much further away. If, however, his hearing was defective, he was certainly chargeable with negligence in putting himself in such a place of danger. The obstructions appear to have been only such as are usually found about railroad stations. It can hardly be said that to have an elevator or coal chute at a railroad station is negligence *per se* where such buildings are necessary in conducting railroad business. Such obstructions, however, devolve upon the railroad company the duty of exercising greater care in approaching the crossing, and giving notice thereof, than would be required where no obstructions exist. But here the jury found the statutory signals had been given. Again, had appellee been at all observing he would have noticed a team standing on College street, at the other side of the tracks, waiting to cross after the train should pass by. If he had been on the look-out, as he should have been, this would naturally have attracted his attention and caused him likewise to stop and ascertain the reason, and had he done so, no doubt he would have discovered the train and the accident would have been avoided. We think the weight of the evidence on this feature of the case is against the finding of the jury and that it ought not to be sustained.

For the reason stated the judgment is reversed and the cause remanded for a new trial. Reversed and remanded.