Chicago Union Traction Co. v. Browdy.

———————

Chicago Union Traction Co. v. Maurice Browdy.

1. INSTRUCTIONS—*As to the Credibility of Witnesses.*—An instruction informing the jury that in passing on the credibility of the witnesses they should take into consideration the appearance of the witnesses upon the stand, involves consideration of the apparent intelligence or lack of intelligence of the witnesses, and is proper.

2. WORDS AND PHRASES—*Injury Defined.*—An injury is a wrong inflicted on one person by another, by non-feasance, misfeasance or malfeasance, and when there is no wrong, there is not, in law, any injury.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed May 28, 1903.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

WATERS, & JOHNSON, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court. Appellee sued appellant for damages resulting from

injury to his person by a collision between one of appellant's electric motors and appellee's wagon, which appellee was driving, the collision having occurred, as appellee avers, by reason of appellant's negligence. Appellee recovered judgment for $2,500. Appellant's counsel rely solely on alleged errors in instructions, and omit all discussion of the fundamental facts in the case, thereby waiving such questions of fact, and warranting us in assuming that, at the time of the accident, the appellee was exercising ordinary care; that he was injured by reason of appellant's negligence, as averred in the declaration, and that the sum awarded as damages is not excessive. It must be presumed that appellant's counsel has omitted discussion of these facts for the reason that the evidence furnishes no basis for their discussion adverse to appellee. If the evidence proves that appellee exercised ordinary care, and was injured by appellant's negligence, as averred in the declaration, and if the sum awarded as damages is not excessive, the verdict could not have been other than it was òn the merits, and a discussion of the instructions would seem to be merely academic and of no practical benefit in the case. Complaint is made of the following instructions, given at the appellee's request:

" 2. The court instructs the jury that if you find for plaintiff you will be required to determine the amount of his damages. In. determining the amount of damages plaintiff is entitled to recover in this case, if any, the jury have a right to and they should take into consideration all the facts and circumstances as shown by the evidence before them pertaining to his injuries; the nature and extent of the plaintiff's physical injuries, if any, so far as the same are shown by the evidence; his suffering in body and in mind, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe from the evidence before them in this case he has sustained or will sustain by reason of such injuries; his loss of time and inability to work and transact business, if any, on account of such injuries, and such future loss of time and inability to work, if any, which the jury may believe from the evidence he will sustain on account of said injuries; all moneys necessarily liable for doctor's bills, if

any, while being treated for such injuries; and may find for him such sum as in the judgment of the jury from the evidence and under the instructions of the court in this case, will be a fair compensation for the injuries he has sustained, or will sustain, if any, so far as such damages are claimed and alleged in the declaration."

" 8.    The court instructs the jury that if from the evidence and under the instructions of the court you find the issues herein in favor of the plaintiff, then, although you may believe from the evidence that the plaintiff was at and before the time of the accident herein complained of, suffering from any sickness or disability, still if you further believe and find from a preponderance of the evidence that he was injured by and through the negligence of the defendant, as charged in the declaration, and that such injuries, if any, developed and aggravated his previous sickness or disability and caused plaintiff increased suffering, sickness and disability, if any, then the jury, in assessing plaintiff's damages, if any, have the right to and they should take into consideration such increased suffering, sickness and disability, if any, that the jury may believe from the evidence before them in this case plaintiff has sustained and in the future will sustain, if any, on account of such increased sickness and disability, if any."

Counsel for appellant also complain of the refusal of the court to give its instructions 9 and 11, and the modification of instruction 12.    Instructions 9 and 11 are as follows :

" 9.    The court instructs the jury that if they believe from the evidence in the case that, while the defendant and its servants were, if they were, exercising ordinary care, the plaintiff at the time and place of the injury suddenly and unexpectedly, and without the knowledge of the defendant, drove his wagon across and upon defendant's track and thereby placed himself in a position of danger, then, in order to charge the defendant with a duty to avoid injuring him, the plaintiff must show by a preponderance of the evidence in the case that the circumstances were of such character that the defendant's servant or servants had an opportunity to become conscious of the facts giving rise to such duty, and a reasonable opportunity in the exercise of ordinary care and caution, to perform such duty.    And if the jury further believe from the evidence that the facts as shown by the evidence did not charge the defendant and its servants with a duty as thus defined, or, if the jury believe from the evidence that the defendant and its serv-

ants did not have a reasonable opportunity, in the exercise of ordinary care, to perform such duty as thus defined, then they should find the defendant not guilty. And if the jury believe from the evidence in the case that the plaintiff suddenly and unexpectedly drove his wagon across and upon the track, in front of the car of the defendant, which occasioned the injury, and that the servant or servants in charge of such car did all that could be done in the exercise of ordinary care to avoid injuring and damaging him, then the plaintiff can not recover in this case, and the jury should find the defendant not guilty."

"11. The issues you are sworn to try in this case are as follows:

Was the electric car which collided with the wagon in question carelessly, negligently and improperly driven by the servants of the defendant?

Did the servant or servants of defendant in charge of the electric car know that plaintiff was in a position of peril in time to have stopped the car in time to avoid the collision by the use of reasonable care on their part?

Could the servant or servants of defendant in charge of the electric car by the use of reasonable care have known that the plaintiff was in a position of peril in time to have stopped the electric car before the collision?

Was the plaintiff at and just before the time of the collision using reasonable care and caution for his own safety?

If you conclude that the greater weight of the evidence does not show that the plaintiff was using such care and caution for his own safety, you need not concern yourselves with the other issues, because in no event can the plaintiff be entitled to recover a verdict unless it has been shown by the greater weight of the evidence that such care and caution was used by the plaintiff. And if you do find from the greater weight of the evidence that such care and caution was used by plaintiff, you will examine the evidence bearing upon the other issues, and if you do not find that the greater weight of the evidence, taken as a whole, will warrant you in answering one or more of them in the affirmative, you should find the defendant not guilty."

Counsel object to that part of instruction 2 which informs the jury that they "have a right to and they should take into consideration all the facts and circumstances as shown by the evidence pertaining to his injuries." Counsel say the chief injury complained of by the plaintiff was a hernia, and that there was a direct conflict in the evidence as to

whether the hernia was caused by the accident, and that the hernia was an injury included in the instruction, and so the instruction authorized the jury to consider it. If the hernia occurred in the course of nature, before the accident, then it was not an injury at all, in legal contemplation. An injury is a wrong inflicted on one person by another, by non-feasance, misfeasance or malfeasance, and when there is no wrong there is not, in law, any injury. Bouvier's Law Dictionary. Hence the phrase *damnum absque injuria*. If, as counsel say, there was a conflict in the evidence as to whether the hernia was caused by the accident, it was entirely within the province of the jury to pass on that question, and if they found from the evidence that it was so caused, to consider it as an injury.

Counsel's objection to the eighth instruction is that " there was no evidence whatever in support of the theory that the accident aggravated or increased the hernia." Appellee testified in respect to the hernia :

" I first noticed those lumps about a month after I was sick; I mean after I got up out of bed. There were two of them; sometimes one would be bigger than the other. They were as big as goose eggs. They were not as big as that the first time I saw them, but they are getting bigger all the time since. When I first saw them they were about the size of a small hen's egg. It has kept on increasing ever since. I had not noticed I was ruptured before this accident. I was wearing a truss before the accident occurred. I had been wearing that about two or three months, I should think. That would prevent me from getting any rupture. I was lifting, doing heavy work, lifting some old heavy boxes, and I was warned from a doctor to get this. The truss has one pad. I didn't need another. It was on the right side. I had one to protect the left side, too. Those pads were on the same truss. I had been wearing them for three months. I wore them simply because I was afraid I might be ruptured. I was doing some heavy work and I felt some pain right in the right side. I felt pains, and Dr. Greenspahn told me it would be good advice to put that on. I think that it was about three months before this accident."

Dr. Stephen W. Cox examined appellee the latter part of August or first of September, 1900, less than two months

after the accident, and again a few days before March 11, 1902, and testified that on the first examination he found a hernia in the right groin, characterized by two protrusions, and that it, the hernia, was in an inflamed and tender condition, and that appellee was in a very nervous state; that, on the second examination he found a larger hernia. Witness further testified:

" If the plaintiff had a threatened hernia before the accident, my opinion is that the hernia has been developed and made worse by the injury. My opinion is that the injury is the direct and remote cause of those conditions and the following symptoms and conditions growing out of the injury. That condition I call neurasthenia."

We do not think the instruction obnoxious to the criticism of counsel.

The ninth instruction is based on the theory that the appellee drove his wagon onto appellant's track so suddenly and unexpectedly, and at so short a distance from the approaching car, that appellant's servants could not, by the exercise of ordinary care, have avoided the accident. We are of opinion, from examination of the evidence, that it does not tend to support this theory, and that appellant was in no way prejudiced by the refusal to give the instruction.

The eleventh instruction relates to the care which the appellee should have exercised, and the necessity of proof by him of such care. The jury were fully instructed by other instructions that, to entitle the plaintiff to recover, it was necessary that the jury should believe from the evidence that he was exercising ordinary care. As to that part of the instruction informing the jury in regard to the issues, we think it sufficient to say that the jury must have been fully informed as to what the issues were by other instructions.

Appellant's counsel complain of the refusal of appellant's twelfth instruction as asked. This is the stock instruction informing the jury what they should consider in passing on the credibility of the witnesses. The court modified the instruction by striking out of the first part of it

the words, "his or her intelligence or lack thereof," and out of the last part of it the words, "In the light of your own common observation and experience, as men, in the affairs of life," and gave the instruction so modified. By the instruction the jury were informed that, in passing on the credibility of the witnesses they "should take into consideration the appearance of the witness upon the stand," which involves, as we think, consideration of the apparent intelligence or lack of intelligence of the witness. City of La Salle v. Kostka, 190 Ill. 130, 139–40. Immediately preceding the words stricken out of the last part of the instruction are the words:

"You have the right, upon consideration of all the evidence in the case, to call to your aid your own common observation and experience, as men, in the affairs of life."

To have allowed the words stricken out to remain in the instruction would have been mere tautology.

The judgment will be affirmed.