Chicago Union Traction Co. v. Lawrence.

113    269
a211s  373

## Chicago Union Traction Company v. Julius G. Lawrence.

### Gen. No. 11,206.

1.  ASSIGNMENTS OF ERROR—*when, waived.*  Assignments of error not argued in the opening brief of counsel, are deemed waived.

2.  INSANITY—*who may testify upon question of.*  Any witness, though not an expert, who has had opportunities for observation, is competent to testify upon this subject.

3.  CONDUCT OF COUNSEL—*reference to former trial.*  References by counsel to a former trial of the same case which do not go to the extent of telling the jury what the result of such trial was or the amount of the verdict rendered, are not ground for new trial.

4.  PREPONDERANCE OF EVIDENCE—*when instruction upon, is not erroneous.*  An instruction which tells the jury that they may find the defendant guilty if the evidence " bearing upon the plaintiff's case preponderates in his favor though but slightly," is not erroneous, notwithstanding it does not entirely meet with the approval of the Appellate Court.

5.  INSTRUCTIONS—*" while exercising ordinary care" defined.*  This phrase is sufficiently broad to require the jury to find that the plaintiff was in the exercise of ordinary care at and immediately before the time of his injury.

6.  NEGLIGENCE PER SE—*what is not.*  It is not negligence *per se* for a passenger to ride upon the platform of a street car.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed March 17, 1904.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel.

JOHN F. WATERS, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

April 6, 1900, appellee, a policeman, was a passenger upon one of the cars operated by appellant. The car was running west on North avenue, in the city of Chicago. As it was passing under the elevated tracks of the Chicago & North Western Railway Company, the car violently jolted or bumped. The evidence tends to show that the defect in the track which caused this jolt or bump had existed for two or three months, a time long enough for appellant to have notice of it and to have remedied it. The car was full; passengers were standing inside and upon the platform. Appellee stood on the rear platform, holding with one or both hands to the rear dashboard. When the jolt or bump came he was thrown out upon the street. He was picked up in an unconscious condition. Blood was flowing profusely from his left ear, indicating a fracture of the skull near the base of the brain. The evidence tends to prove that besides the physical injuries he then received, appellee because of the shock and injuries became insane and is yet insane, with but little chance of recovery.

In argument, counsel for appellant make but three points: first, errors in admitting evidence; second, misconduct of counsel; and, third, errors in instructing the jury. Various other errors are assigned, but they are not argued in the opening brief. Hence, such errors may be considered as waived. Wabash v. McDougal, 113 Ill. 603; Fishback v. People, 191 Ill. 172. It is too late to present them in the reply brief. Such a practice would be unfair to appellee, and would deprive this court of the opportunity to hear "both sides" of the case. Schumacher v. Bell, 164 Ill.

Chicago Union Traction Co. v. Lawrence.

185; Miller's F. I. Co. v. People, 170 Ill. 477; Chicago Union Tr. Co. v. Browdy, 108 Ill. App. 177.

Appellant contends that it was error to allow certain non-expert witnesses to state their opinions as to the sanity of appellee. Any witness, though not an expert, who knew appellee, had conversed with him, and had observed his conduct, was competent to express an opinion as to his sanity. In this case fifteen witnesses, non-experts, testify that appellee is of unsound mind. For more than five years before the trial appellee has been on the police force of the city of Chicago. Each of seven police officers who had known appellee during that time testified to his acts and conversation before and after the accident, and then gave an opinion as to his mental condition. Appellee's daughter, sister, sister-in-law and two brothers-in law were also called to the same point. The evidence of each of them showed an intimate knowledge of his conduct for years. Ritthamel had known appellee from childhood. Zeisler's acquaintance with him extended back over a period of twelve years. Rosakoff did not meet him until after the accident. Every one of these witnesses described the characteristics of appellee, and then gave his or her opinion of his mental soundness. This testimony was admitted over the objection of appellant. There was no error committed in receiving such evidence. In every instance the witness stated facts and circumstances upon which the given opinion was based. The well-settled law in this regard is laid down in C. & E. I. Ry. Co. v. Randolph, 199 Ill. 131, where the court, after discussing the question, says: "Opinions may be given by non-expert witnesses as to the state of health, hearing or eyesight of another, or the ability of another to work or walk or use his arms or legs naturally, or whether such person is apparently suffering pain, or is unconscious, in possession of his or her mental faculties, intoxicated, excited, calm," etc. And in Am. Bible Society v. Price, 109 Ill. 642, where it is said: "It was competent to admit in evidence the opinions of witnesses who were not experts, touching the testator's sanity, first stating their observations on which their opinions were based."

During the trial, after the court had interposed between counsel, the following colloquy occurred :

" Counsel for defendant :   I would not make them if he did not turn around and ask if we liked that any better.

The Court :   I hoped we would get along without them and be satisfied.

Counsel for plaintiff :   I was satisfied at the end of the other trial.

The Court :   Is that a proper remark to make ?

Counsel for defendant :   I take an exception to that remark in the presence of the jury.

The Court :   Yes, it is improper.

Counsel for defendant :   And I desire to say that notwithstanding the fact that Your Honor has criticised it as being an improper remark, I except to the remark because no ruling of the court can cure the inference of error that that remark contains."

This, counsel for appellant contends, is reversible error. We do not think so.   It was improper.   Cases should not be tried upon so low a level that such a remark could well be made.   It will be seen, however, that by it the jury were not directly informed what the result of the former trial was, nor did it tell them the amount of the verdict, if any was then rendered.   In C. & A. Ry. Co. v. Dillon, 123 Ill. 578, it is said :   " It is next complained that the court erred in permitting counsel for plaintiff in his opening statement and concluding argument to the jury, to refer to the number of trials there had been in the case, and how they had resulted, and also to state that the judgment on the first hearing in the Appellate Court had been reversed upon a mere technicality.   What is here complained of we do not think, even conceding it to be improper—about which we express no opinion—is of so serious a character as to justify a reversal of the judgment.   Trial courts are given a large discretion in matters of this kind, with which courts of review are loath to interfere, unless it becomes necessary to prevent a failure of justice.   Such is not the case here."

The last contention of appellant is that the court erred in instructing the jury. The second instruction given at the request of appellee tells the jury that they may find appellant guilty if the evidence " bearing upon the plaintiff's case preponderates in his favor although but slightly." While we do not regard this form as the better way of stating the preponderance of the evidence, it has been approved in W. Chi. St. Ry. Co. v. Mazalkiewiecz, 75 Ill. App. 241; W. Chi. St. Ry. Co. v. O'Connor, 85 Ill. App. 282; Taylor v. Felsing, 164 Ill. 332, 335. The third instruction, which reads, " The court instructs the jury, that if you believe and find from the evidence, that the plaintiff, while exercising ordinary care to avoid injury, was injured by and in consequence of the negligence of the defendant, as charged in the declaration, then you should find the defendant guilty," is objected to upon the ground that it confines the duty of exercising ordinary care on the part of the plaintiff to the time when he was injured, instead of requiring him, as it should, to be in the exercise of ordinary care just before the accident, as well as at the time thereof. The objection is not well founded. The word " while " means "during the time that," and necessarily implies continuance. It is reasonable to interpret it as including the whole transaction. It is hypercriticism to give it a less effect. C. & A. Ry. Co. v. Fisher, 141 Ill. 424; L. S. & M. S. Ry. Co. v. Ouska, 151 Ill. 238. The seventh and eighth instructions tendered by appellant were marked refused by the learned trial judge.  Complaint is made of this action. Each of these instructions in effect states that if the jury find from the evidence that there were rails or bars or fastenings upon such car to which appellee could have held, and that he did not do so, and that by reason of such failure he fell or was thrown to the ground and was thereby injured, the jury should find appellant not guilty. The law is well settled that one may ride on the platform of a street car without being guilty of negligence *per se*. There is no evidence in this record upon which these instructions can be based. On the contrary, the evidence of the witnesses for

both appellant and appelleee is that he was holding to the handrail of the car at the time he was thrown therefrom. The ruling of the court in this regard was correct.

Finding no reversible error in this record, the judgment of the Superior Court is affirmed.

*Affirmed.*