## Miles Clement, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 5501.

1. VERDICTS—*duty of Appellate Court to review.* When the trial court refuses a new trial and enters judgment upon the verdict, and the defeated party removes the cause to the Appellate Court for review, it then becomes the duty of the Appellate Court to exercise a like supervisory power over the verdict and to reverse the judgment founded thereon where, upon a consideration of the testimony, such verdict is found to be clearly against the weight of the evidence.

2. APPEALS AND ERRORS—*when assignments of error deemed waived.* Assignments of error not argued are deemed to have been waived.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

PINKNEY & McROBERTS, for appellant.

No appearance for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Miles Clement brought this suit in case in the Circuit Court of Peoria county against the Peoria Railway Company to recover for injuries sustained while driving on its Elizabeth street track in the city of Peoria. On a trial, at the conclusion of all the evidence, the company moved the court to instruct the jury to find it not guilty. This motion was denied. The jury returned a verdict for $2000. A motion for a new trial was made. Twelve hundred and fifty dollars was remitted from the verdict. The motion for a new trial was denied, and judgment was entered for

$750. The company prosecutes this appeal to review such judgment.

The evidence shows that at 6:40 in the evening of January 20, 1910, appellee was driving north with a horse hitched to a wagon. It was dark and snow was falling. The only light was a city arc light about 260 feet behind him. While on the track he was struck by one of appellant's south-bound cars. He was apparently unconscious when found, and was pinned to the fender of the car by the front axle of the wagon. He lost two teeth, was bruised on the left shoulder and was cut about the face and head, and sustained other lesser injuries, but had no bones broken or dislocated. He was confined in the hospital about three weeks and was unable to work until June 1, 1910.

The declaration contained four counts, which, in substance, charged negligence in the rate of speed at which the car was driven; failure to sound a gong; failure to keep watch and to stop in the shortest time and space possible on the first appearance of danger; failure to keep signal lights on the end of the car so as to render it conspicuous to public travel. The last three charges were for violations of a city ordinance regulating the operation of street cars. Each count stated that appellee was in the exercise of due care when injured.

It is not claimed that there is any error of law in the record other than the refusal of the court to direct a verdict or grant a new trial.

Without attempting to review the testimony of the various witnesses, but after full examination of the record, we find it conflicting in many points. There was evidence for appellee tending to prove that the car was running eight miles an hour; that no gong was sounded; that the motorneer, just prior to the accident, was not keeping vigilant lookout; that there was no light burning on the car; and that appellee was in the exercise of due care. There was evidence

for appellant tending to prove that the car was running only five or six miles per hour; that the gong was sounded at the street crossing about 360 feet north of the place of the accident; that the motorneer was at his post and was keeping a vigilant lookout; that there was a light on the front of the car; and that appellee was guilty of contributory negligence. The whole evidence fairly tended to prove all the material averments of the declaration and the court did not err in denying the motion to direct a verdict. Libby, McNeill & Libby v. Cook, 222 Ill. 209, and cases there cited.

The real controversy is one of fact, and it was the peculiar province of the jury to weigh the evidence and reconcile it if possible, or if it could not be done, decide it according to the weight of the evidence as it might have appeared to them. Therefore, whether the circumstances were such as to show that the negligence of appellant caused or contributed to the injuries sustained by appellee, and whether there was negligence on the part of appellee which contributed to the injury, were questions of fact to be determined from all the evidence by the jury. Upon the motion for a new trial the trial court had a supervisory power over the verdict of the jury on these questions of fact. When the trial court refuses a new trial and enters judgment upon the verdict, and the defeated party removes the cause to this court for review, it then becomes the duty of this court to exercise a like supervisory power over the verdict, and to reverse the judgment founded thereon where, upon a consideration of the testimony, we find that such a verdict is clearly against the weight of the evidence. C. & A. R. R. Co. v. Heinrich, 157 Ill. 388; C. & E. R. R. Co. v. Meech, 163 Ill. 305; Chicago City Ry. Co. v. Mead, 206 Ill. 174. But where upon such consideration of the evidence we are unable to say that the verdict is clearly against the weight of the evidence, then the verdict of the jury, approved by the trial judge, who saw the

witnesses, should be decisive of the questions of fact. Under these rules of law, we do not consider that the condition of the evidence would justify us in disturbing the conclusions of the jury upon the questions of fact.

Appellant's contention that the *remittitur* did not make the judgment "righteous" was not argued. It may therefore be considered as waived. W. St. L. & P. Ry. Co. v. McDougal, 113 Ill. 603; Keyes v. Kimmel, 186 Ill. 109; Calumet Furniture Co. v. Reinhold, 51 Ill. App. 323; Chicago Union Traction Co. v. Lawrence, 113 Ill. App. 269. However, we do not consider the amount of the judgment too great a compensation for the injuries appellee sustained.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*