## John Anderson, Appellee, v. Theodore Strawn, Appellant.

### Gen. No. 5,717.

AUTOMOBILES—*when verdict against weight of evidence.* Verdict for plaintiff in an action for personal injuries caused by the alleged negligence of defendant in driving his automobile at more than fifteen miles per hour and in not stopping when plaintiff's horse appeared frightened. *Held,* against weight of evidence.

Appeal from the Circuit Court of LaSalle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1912. Reversed with finding of fact. Opinion filed March 12, 1913. Rehearing denied April 8, 1913.

LESTER H. STRAWN, for appellant.

ROBERT CARR and BUTTERS & ARMSTRONG, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee brought an action in case against appellant to recover for personal injuries alleged to have been received on account of the negligence of appellant in driving an automobile. A trial thereof was had resulting in a verdict and judgment for appellee of $400 from which this appeal is prosecuted.

The declaration contains five counts. The first count charged that appellant drove an automobile with great

force and violence against appellee. The second count charged that appellant drove an automobile towards appellee's horse when said horse was greatly frightened. The third that appellant, contrary to the statute, drove an automobile at a greater rate of speed than fifteen miles an hour, whereby appellee's horse became frightened, etc. The fourth count charged that appellant failed to bring his automobile to a stop when approaching appellee's horse, which appeared to be frightened, and the fifth that appellant wantonly and wilfully drove his automobile toward appellee's horse when the horse was frightened, etc.

We are satisfied from the evidence that appellant cannot be held guilty unless it be on the third count which charges the running of an automobile at a greater rate of speed than fifteen miles an hour, whereby appellee's horse became frightened; or upon the fourth count charging appellant did not come to a full stop when appellee's horse appeared to be frightened, and as to these points the holding of appellant guilty or not depends on which side the evidence preponderates on the alleged negligence charged by said counts, or one or the other of them.

There were but four witnesses to the accident, namely, appellee, who may be said to be interested, on the one side and appellant, who may be said to have a like interest, and his cousin and sister on the other. On the one side appellee alone testified as to appellant's speed in excess of 15 miles an hour. He alone also testified that the automobile first stopped within 8 or 10 or 12 feet of him, then started up and ran by him very fast.

On the other side appellant supported by two witnesses testified to a speed of less than 15 miles per hour and that the automobile stopped 50 or 60 feet from appellee and that the power was shut off and that the automobile did not again start until after appellee was injured.

It appears to us, the whole evidence considered, that

appellant and his two witnesses were better qualified to judge and were in a better position than appellee to know about the rate of speed of the automobile, and when and where it stopped, and whether or not the power was shut off. It clearly appears to us that the verdict is against the weight of the evidence, and that the trial court should have granted a new trial for that reason, and erred in not so doing.

It is the right and duty of the Appellate Court to reverse judgments of trial courts and verdicts of juries when they are found to be clearly against the weight of the evidence. Donelson v. East St. Louis & S. Ry. Co., 235 Ill. 625; Chicago & A. R. Co. v. Heinrich, 157 Ill. 388.

Having found that the trial court committed error in refusing to set aside the verdict and grant a new trial for the reason the verdict is not supported by the weight of the evidence, it will not be necessary to pass on any of the other errors assigned, and the weight of the evidence not authorizing the verdict, and the whole evidence as appears by the record being before the court, so far as it can be obtained, the judgment of the court below is reversed without remanding.

Judgment reversed without remanding.

*Reversed with finding of fact.*

Finding of fact to be incorporated in the judgment: We find that appellant is not guilty of the negligence charged in any count of the declaration.